■ In the Matter of DIANA CAMPBELL, Respondent, v EDWARD J. CAMPBELL, JR., Appellant.—Casey, J. Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered August 6, 1987, which dismissed respondent's application, in a proceeding pursuant to Family Court Act article 4, to modify a prior order of child support.

At issue in this appeal is whether Family Court erred in holding that respondent was estopped from challenging his paternity as to the two children born during the parties' marriage. We see no error in Family Court's ruling and affirm its order.

During the parties' marriage, two children were born, one

July 6, 1972 and the second February 28, 1977. The parties were divorced by a decree entered January 23, 1979, which referred the matter of support of their children to Family Court. Although respondent initially appeared in the divorce action, he withdrew and allowed it to proceed by default. Respondent did, however, participate in the subsequent support proceedings in Family Court. In June 1986, alleging his recent discovery that he was medically incapable of fathering children during the period of his marriage to petitioner, respondent sought to modify the prior support order to relieve him entirely of any support obligation as to the two children born during the marriage. Family Court initially ordered blood-grouping tests, but thereafter ruled that the results of those tests would not be admissible since respondent was estopped from challenging the paternity of the children.

Assuming that respondent's paternity claim is not barred by the decree in the divorce action, where the claim could have been litigated *(see, Matter of Reilly v Reid,* 45 NY2d 24), or that respondent's application falls within the newly discovered evidence provision of CPLR 5015 (a) (2), the claim is nevertheless barred for public policy reasons. Respondent has, at the very least, acquiesced in his designation as the children's father for a substantial period of time, and the children, now ages 16 and 10, have grown up believing respondent to be their father. Now, at this late date, respondent seeks to bastardize the children for the sole purpose of promoting his own self-interest in avoiding further support payments. Recent case law indicates that in these circumstances, respondent should be precluded from asserting this paternity claim *(see, Matter of Montelone v Antia,* 60 AD2d 603; *see also, Matter of Boyles v Boyles,* 95 AD2d 95; *Matter of Sharon GG. v Duane HH.,* 95 AD2d 466, *affd* 63 NY2d 859; *State of New York ex rel. H. v P.,* 90 AD2d 434). "The unequivocal trend and evident purpose of these decisions has been to zealously safeguard the welfare, stability and best interests of the child by rejecting untimely challenges affecting his or her legitimacy" *(Matter of Ettore I. v Angela D.,* 127 AD2d 6, 13).

Order affirmed, with costs. Kane, J. P., Casey, Levine and Mercure, JJ., concur; Weiss, J., not taking part.