OPINION OF THE COURT
Leon Deutsch, J.
On May 8, 1986 the petitioner commenced this paternity proceeding against the respondent. The respondent admitted paternity and consented to an order of support of $200 biweekly.
On June 6, 1989, the respondent moved by order to show *314 cause to vacate the order of filiation, and to vacate the order of support, and for an order of restitution for the entire sum paid by respondent to petitioner for support of the child.
At the June 15, 1989 hearing the respondent presented to the court the results of a human leucocyte antigen (HLA) test which excluded the respondent as the possible father of the subject child. This test was not ordered by the court, and the mother had participated of her own free will. As a result, the court vacated and set aside the order of filiation and the order of support.
The remaining issue is whether the court should order the petitioner to return all moneys paid by the respondent pursuant to the original order of support.
The respondent contends that the petitioner was "unjustly enriched” by the order of support and that the "monetary benefit she received was improperly had” based upon a "mistake of fact”. The court disagrees.
Although the parties were mistaken as to facts, as now borne out by the HLA test, the court is not required to vacate the order of support, ab initio, and order restitution.
The paternity petition had set forth the child’s date of birth and included a copy of the birth certificate. The respondent, therefore, had sufficient knowledge on which to determine whether it was possible for him to be the father of this child. Family Court Act § 532 provides that a party as a matter of right may move the court for an order for blood genetic marker tests of the parties. Upon such motion the court "shall” order the parties to submit to testing. The respondent herein did not move for such testing, which, of course, would have excluded him. Instead, he admitted paternity.
The court was not required to reach an estoppel issue as regards the order of filiation since the petitioner had consented to the HLA test. She is estopped from raising the issue.
Had the petitioner not voluntarily participated in the HLA testing it is unlikely that the respondent could have obtained an order requiring her to submit to the HLA test. (Patricia W. v Michael R., 113 AD2d 935 [1985].) Without such acquiescence the respondent might have been precluded from asserting his very tardy claim, for the sole purpose of "promoting his own self-interest in avoiding further support payments.” (Matter of Campbell v Campbell, 149 AD2d 866 [3d Dept 1989]; but, see also, Matter of Wilkins v Kelly, 108 Misc 2d 598 [Fam Ct, Suffolk County 1981].) In addition, had the respondent *315 pursued a relationship with the child both parties might have been estopped from raising the HLA results in order to vacate the order of filiation. (Matter of Ettore I. v Angela D., 127 AD2d 6 [2d Dept 1987]).
In the case at bar, evidence of the HLA test, which both parties consented to, presented the court with the "extremely unusual and extenuating circumstance” which would render it "grossly inequitable to permit the judgment of paternity to stand and continue in the face of such remarkable new evidence” (Matter of Wilkins v Kelly, supra, at 601). Thus, the court vacated and set aside the orders.
The motion for restitution, however, must be denied. Although there can be no estoppel, under the circumstances, as to the order of filiation, the court does find estoppel as to those sums hereby paid by the respondent on the order of support.
From May 8, 1986 until June 15, 1989 the respondent was under a legal obligation to support the child. (Family Ct Act § 413.) "The support duty is owed to the child.” (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 413, at 66.) The acts of the parties did not diminish the obligation in this case at the time it arose. The support might have been paid to the petitioner, but it was paid for the benefit of the child for whom the court must assume the money was spent. This money did not unjustly enrich the petitioner. Respondent’s consent implied that he believed the amount of the payments was necessary to support the child.
Although, respondent asserts mistake of fact as a reason for his consent, he does not allege fraud on the part of the petitioner. The cessation of support when combined with the restitution would serve to severely diminish the petitioner’s ability to care for the child. As all the support had been made on consent and also based upon a valid order of filiation, the court finds the respondent is estopped from a claim for restitution as a matter of equity and "public policy”. (Matter of Campbell v Campbell, supra, at 867.)