■ In the Matter of ANN M. NICIT, Respondent, v JOHN J. NICIT, Appellant.—Casey, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered July 28, 1989, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay spousal support.

Following dismissal of her action for divorce due to lack of proof, petitioner commenced this proceeding for spousal support and, after a hearing, she was awarded support in the amount of $25,000 per year, payable in equal monthly installments. On appeal, respondent maintains that the dismissal of petitioner's divorce action established that petitioner was not justified in moving out of the marital residence and was, therefore, guilty of abandonment. Thus, according to respondent, petitioner was entitled only to enough support to keep her from becoming a public charge, regardless of the parties' means. Marital fault is a relevant factor in fixing spousal

support *(Stevens v Stevens,* 107 AD2d 987, 988), but accepting respondent's claim that marital fault has been established, it is clear from the record that marital fault was considered by Family Court in fixing spousal support for petitioner.

Respondent also contends that inadequate consideration was given to petitioner's interest in the marital residence. An offer of $200,000, still open at the time of the hearing, was obtained by respondent, and he concedes that petitioner is entitled to one half of the net proceeds from the sale. Petitioner refuses to agree to any sale of the marital residence. Respondent contends that because petitioner vacated the marital residence and refuses to agree to its sale, respondent should not be required to assist petitioner in maintaining a separate residence while at the same time he must continue to maintain the marital residence, including petitioner's interest therein. Petitioner claims that she should not be penalized for respondent's refusal to move out of the marital residence so that she can live there alone.

Because the parties' marriage relationship has not been altered by judicial decree, the parties remain husband and wife in contemplation of the law, and the tenancy by the entirety in which the parties own the marital residence has not been terminated *(see, Kahn v Kahn,* 43 NY2d 203, 209). Consequently, neither party has the right to exclusive possession of the property (1 Rasch, Real Property Law and Practice § 595, at 364), and the consent of both parties is required to sell the property (1 Rasch, Real Property Law and Practice § 596, at 364). As long as respondent continues to exercise de facto exclusive possession through his use and occupancy of the marital residence, we see no reason why his spousal support obligation should not include a contribution toward the maintenance of a separate residence for petitioner while he provides for the maintenance of the marital residence. The record, however, reveals that respondent has built a smaller residence for himself on separately owned property. In the event he moves into that new residence, the parties' interests in the marital residence as tenants by the entirety would require that they share equally in the maintenance of that property, while neither party would have the right to exclusive possession. Petitioner's interest in what would be akin to a second home would have to be taken into account, particularly because the parties' life-style prior to the disintegration of their marriage did not include multiple residences. But because respondent indicated at the hearing an unwillingness to vacate the marital residence until it is sold, we see no

reason to modify Family Court's order on that ground. We have considered respondent's other arguments and found them to be lacking in merit.

Unless the parties abandon their intransigence and seek a common ground for resolving their differences, further litigation, with its emotional and financial costs, appears to be inevitable even though it may be futile *(see, Nicit v Nicit,* 160 AD2d 1213 [decided herewith]).

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.