■ JOHN J. NICIT, Appellant, v ANNA M. NICIT, Respondent. —Casey, J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered October 25, 1989 in Tompkins County, which, *inter alia,* granted defendant's cross motion to dismiss the complaint for failure to comply with the Statute of Frauds.

The parties to this action are husband and wife, who were married in 1956 and hold title to the marital residence hereinafter described as the "E. Lake Rd. house" as tenants by the entirety. In August 1986, the parties separated and in October 1987 defendant commenced an action for divorce. In February 1987, defendant wrote plaintiff a letter in which she stated, "I'll accept $55,000 as my half of the E. Lake Rd. house." The letter contained other statements, indicating that their daughter might like to inherit it and a proposed equal division of the parties' property, as well as a request for the amount of plaintiff's income. The obvious tenor of the letter was to commence distribution of the parties' property, preparatory to the divorce that defendant was about to seek. Plaintiff did not accept or answer defendant's offer at that time. Subsequently, on December 19, 1988, the matrimonial action brought by defendant was nonsuited and dismissed. Thereafter, on or about August 1, 1989, plaintiff commenced this action for specific performance of the promise made in defendant's February 1987 letter. The relief requested does not seek to compel defendant to convey the property to plaintiff in accordance with the terms of that letter. Rather, this action seeks to compel defendant to sell the property at today's enhanced market price to a stranger so that the proceeds can be divided between the parties. Defendant refused to do so. After issue was joined, the parties moved for summary relief. Supreme Court granted defendant's cross motion to dismiss the complaint as barred by the Statute of Frauds. We agree with that result.

Plaintiff never accepted the offer of defendant that he purchase her share of the subject property for $55,000. We view this offer as made to plaintiff in contemplation of the matrimonial action, because the letter contained other re-

quests and conditions relating to matrimonial action relief. Whatever legal effect this offer had terminated upon dismissal of defendant's matrimonial action and any attempted acceptance after that time was ineffectual. Furthermore, in this action plaintiff does not attempt to enforce the offer according to its original tenor, i.e., by a conveyance to him. What plaintiff now seeks is to compel defendant to convey her interest in the property to a third-party buyer to take advantage of an enhanced market value, so that the proceeds of such sale can be divided equally between the parties. In no way did the contents of the letter of February 1987 provide for any such agreement, so it is barred by the Statute of Frauds (see, General Obligations Law § 5-703 [2]).

Nor is plaintiff aided by the doctrines of promissory estoppel and equitable estoppel. Plaintiff was not justified in relying on his own erroneous interpretation of the contents of the letter as a continuing offer separate and distinct from the matrimonial relief which it entailed. The judgment appealed from should be affirmed.

Judgment affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.