■ Mitchell G. Shapiro, Appellant, v Linda J. Shapiro, Respondent.

At the parties' divorce trial in January 1990, counsel for defendant failed to seek payment of over $16,000 in legal fees allegedly owed to him for services rendered to defendant, despite the fact that the trial court had deferred the issue of legal fees until the trial. In January 1991, counsel moved for an order granting defendant leave to resettle the divorce judgment entered in June 1990 to include a provision for an award of attorney's fees.

Ordinarily the trial court lacks the authority to make postjudgment award of fees for services rendered prior to the entry of a divorce judgment *(Gilmore v Gilmore,* 138 AD2d 347, *lv dismissed* 73 NY2d 809, *rearg denied* 74 NY2d 651; Domestic Relations Law § 237 [a]). Here, however, since the matter of legal fees had been raised before judgment was entered and specifically deferred by the court until trial, and it was only because of an oversight that counsel failed to raise the matter at trial, the IAS court was justified in entertaining counsel's motion *(see, Gilmore v Gilmore, supra).* Moreover, the court reserved to itself the question of plaintiff/husband's responsibility, if any, for such fees. Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.