■ CHRISTOPHER A. MANCINELLI, Appellant, v KIMBERLY T. MANCINELLI, Respondent. [610 NYS2d 104] —Casey, J. Appeal from an order of the Supreme Court (Harris, J.), entered April 28, 1993 in Albany County, which, *inter alia*, denied plaintiff's motion to dismiss defendant's defense of equitable estoppel.

After the parties' marriage deteriorated, plaintiff commenced an action for divorce. His complaint alleged that he was not the father of the parties' child and he reserved the right to request an HLA test to determine paternity. In her answer to the complaint, defendant alleged that plaintiff was equitably estopped from denying paternity. Defendant also sought pendente lite relief in the nature of temporary child support. Supreme Court awarded temporary child support to defendant and appointed a Law Guardian for the child. Pursuant to an order of Supreme Court, the parties and the child submitted to HLA testing. Following a hearing held on the issues of equitable estoppel and paternity, Supreme Court denied plaintiff's motion to dismiss defendant's estoppel defense and found, on the merits, that plaintiff was equitably estopped from asserting nonpaternity. Plaintiff appeals.

We agree with the determination of Supreme Court. The hearing revealed, and Supreme Court found, that it was not until more than two years after the child was born, in an effort to avoid his child support obligations and in response to defendant's application for pendente lite relief, that plaintiff raised the issue of his paternity and severed his relationship with the child. Supreme Court found that plaintiff was aware prior to the birth of the possibility that he was not the father and at that time made no effort to disprove his paternity, but instead openly acknowledged his fatherhood of the child and developed a relationship with her. For almost two years prior to the divorce action, plaintiff acknowledged and acquiesced in the parent-child relationship. He openly held himself out as the child's father. He signed her birth and baptismal certificates as the father. He wrote in her baby book, "I love you always, Daddy." There are family pictures of Christmas, holidays and birthdays with plaintiff's and defendant's families present. There is also evidence that defendant relied on plaintiff's representation that he would love and support the child even though he allegedly knew of the possibility that he was not the child's father. Defendant also testified that plaintiff was excited about and supportive of defendant's pregnancy and expressed his desire to marry defendant and have a family regardless of whether he was the child's father. Based on these factors and the other testimony and evidence advanced at the hearing, we conclude that Supreme Court properly found that plaintiff was equitably estopped from seeking to disclaim paternity of the parties' child, whose best interest is paramount (see, Michel DeL. v Martha P., 173 AD2d 308; Matter of Campbell v Campbell, 149 AD2d 866).

Plaintiff will not be permitted to bastardize the child for the sole purpose of furthering his own self-interest *(see, Matter of Boyles v Boyles,* 95 AD2d 95, 98).

We note that as a procedural matter, the equitable estoppel issue raised by defendant's answer should have been resolved before Supreme Court considered the request for an HLA test to determine paternity *(see, e.g., Terrence M. v Gale C.,* 193 AD2d 437, *lv denied* 82 NY2d 661). The error, however, did not preclude Supreme Court from determining the merits of the paternity issue after ordering HLA testing.

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Ordered that the order is affirmed, with costs.