■ In the Matter of BAILEY, MARSHALL & HOENIGER, Appellant, v SUSAN MERZON, Respondent. [620 NYS2d 985] —In a proceeding pursuant to Judiciary Law § 475 to fix reasonable counsel fees, the petitioner appeals from an order of the Supreme Court, Queens County (Smith, J.), dated August 19, 1993, which, after a nonjury trial, *inter alia,* fixed the petitioner's charging lien at $25,000.

Ordered that the order is modified, as a matter of discretion, by (1) deleting the first decretal paragraph thereof, and substituting therefor a provision determining that a reasonable counsel fee to be awarded to the appellant is the amount of $85,000, and (2) deleting the second decretal paragraph thereof, and substituting therefor a provision that the petitioner has a charging lien for $50,000 which remains unpaid; as so modified, the order is affirmed, with costs to the appellant.

The evaluation of what constitutes reasonable counsel fees is a matter that is generally left to the sound discretion of the trial court *(see, De Cabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *Aronesty v Aronesty,* 202 AD2d 240; *Levine v Levine,* 179 AD2d 625), which is often in the best position to judge those factors integral to the fixing of counsel fees, such as the time, effort, and skill required and the review of contemporaneous time records *(see, Lefkowitz v Van Ess,* 166 AD2d 556; *Shrauger v Shrauger,* 146 AD2d 955, 956; *Matter of Van Hofe,* 145 AD2d 424, 426). We find that, upon our review of the trial transcript and the exhibits in the record, the trial court's award was inadequate to the extent indicated.

We note that in the companion matrimonial action *(see, Merzon v Merzon,* 210 AD2d 462 [decided herewith]), the husband has been directed to pay the wife's counsel fees and

disbursements. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.