■ CHRISTOPHER A. MANCINELLI, Respondent, v KIMBERLY T. MANCINELLI, Appellant. [643 NYS2d 736] —White, J.

The parties were married in October 1989 and, in July 1991, plaintiff commenced an action for divorce. Long and contentious litigation followed, primarily involving the question of paternity of a child born to the couple in April 1990, which was ultimately resolved by this Court in 1994 (203 AD2d 634). Proceedings continued in the divorce action and, in February 1995, plaintiff moved pursuant to CPLR 3217 (b) to discontinue the action. Defendant cross-moved opposing discontinuance and seeking various ancillary relief. Supreme Court granted plaintiff's motion to discontinue, denied defendant's cross motion for counsel fees and directed that all applications regarding support and custody be directed to Family Court, noting that plaintiff had agreed to abide by the current court order of custody and child support and had also stipulated to increase his child support payments. Defendant appeals.

Defendant contends that Supreme Court abused its discretion in granting plaintiff's motion to discontinue this divorce action, but it is well settled that granting a party's motion to discontinue litigation is within the sound discretion of the trial court and is normally allowed since public policy supports a desire not to compel parties to litigate (see, Tucker v Tucker, 55 NY2d 378, 383). However, defendant's main contention on this appeal is that Supreme Court abused its discretion by holding that an award of counsel fees to her was not warranted based on the parties' income, the circumstances of the case and the fact that plaintiff was relinquishing his claim for divorce and discontinuing the action.

There is no question that a trial court has considerable flexibility to award counsel fees to a spouse in its discretion and as

justice requires, without a showing of need (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881; *see also*, Domestic Relations Law § 237 [a]). Our review of the record discloses that during the four years of litigation defendant incurred approximately $14,000 in counsel fees and that plaintiff consistently has had earnings significantly higher than defendant.

In view of the substantial disparity in the parties' incomes, the long and tortured history of this litigation, and the amount of legal costs incurred as set forth in the record, we find that Supreme Court erred in denying defendant's application for counsel fees. Since some 60 pages of the record set forth the invoices itemizing the attorney's charges and as we have had first-hand knowledge of the progress of this litigation (*see, Mancinelli v Mancinelli*, 203 AD2d 634, *supra*), in the interest of judicial economy we will direct payment of counsel fees in the amount of $4,000 by plaintiff to defendant within 120 days of the date of this decision (*see, McGarrity v McGarrity*, 211 AD2d 669, 671; *Matter of Bailey, Marshall & Hoeniger v Merzon*, 210 AD2d 474).

Crew III, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as denied defendant's cross motion for counsel fees; motion partially granted by directing plaintiff to pay defendant $4,000 in counsel fees within 120 days of the date of this Court's decision; and, as so modified, affirmed.