■ DAVID L. WALTERS, Appellant, v GERALDINE J. WALTERS, Respondent. [676 NYS2d 268] —Yesawich Jr., J. Appeal from that part of a judgment of the Supreme Court (Relihan, Jr., J.) ordering equitable distribution of the parties' marital property, spousal support and counsel fees, entered January 30, 1997 in Tompkins County, upon a decision of the court.

Married in 1969, the parties had two children, each of whom was over age 21 when their parents separated in early 1995. Plaintiff commenced this action in October 1995 and, prior to trial, defendant withdrew her opposition to his claim of constructive abandonment and stipulated to a divorce on that ground. After a trial on the remaining issues of equitable distribution, maintenance and counsel fees, Supreme Court ordered the marital residence sold and the proceeds divided equally between the parties. The court also awarded defendant maintenance (until plaintiff attains the age of 65), retroactive to the date of commencement of the action, of $100 per week (increasing to $125 when she became ineligible for health insurance through plaintiff's insurer), and counsel fees of $3,224, and directed that plaintiff pay defendant a distributive award of $2,426.63 to compensate for his retention of a greater portion of the parties' personal property. Plaintiff's accrued retirement benefits were also split equally by means of a qualified domestic relations order. Dissatisfied with several aspects of the final judgment, plaintiff appeals.

Given the parties' marital standard of living, their disparate earning capacities and educational backgrounds, and defendant's nonmonetary contributions to their long-term marriage, Supreme Court did not abuse its discretion in awarding defendant the modest amount of maintenance it did (see, White v White, 204 AD2d 825, 828, lv dismissed 84 NY2d 977; Feldman v Feldman, 194 AD2d 207, 217-218). And, although defendant's failure to contest plaintiff's allegations of constructive abandonment can be viewed as an admission of some fault on her part, that factor—while it can be considered in determining the level of support to be provided—need not foreclose an award entirely where, as here, the issue was not addressed at the trial (see, Zurner v Zurner, 213 AD2d 906, 907-908, lv denied 87 NY2d 802; cf., Matter of Nicit v Nicit, 160 AD2d 1197, 1197-1198).

Nor was it an abuse of discretion to direct that plaintiff pay defendant's outstanding counsel fees in their entirety, notwithstanding the fact that defendant might have been able to bear some of this expense (see, De Cabrera v Cabrera-Rosete, 70 NY2d 879, 881; Mancinelli v Mancinelli, 228 AD2d 747, 747-748). Plaintiff's substantially higher earning capacity justifies

this aspect of the judgment as well (*see, De Cabrera v Cabrera-Rosete, supra,* at 881; *Feldman v Feldman, supra,* at 219).

There is, however, merit in plaintiff's argument that he should have been granted a credit toward his retroactive maintenance obligation for at least a portion of the mortgage payments he made during the 16 months the action was pending. These payments, which were explicitly referred to by defendant's counsel as having been accepted "in lieu of interim maintenance", essentially served the same purpose as a pendente lite support award by assisting defendant in meeting her living expenses and bringing her standard of living closer to that enjoyed during the marriage. Inasmuch as plaintiff would ordinarily have been entitled to a credit against his retroactive maintenance obligation for interim payments made during the same time period (*see, Berge v Berge,* 159 AD2d 960, 961), there is no reason for treating these voluntary payments differently, at least insofar as doing so will not result in a double recovery.

To determine the actual credit to which plaintiff is entitled, it is necessary to consider the amounts paid toward the principal of the mortgage loan (which have increased the parties' equity in the premises, and consequently the amount eventually to be received by each of them upon its sale) separately from sums representing the payment of interest. With respect to the pay-down of the principal, one half of the amount plaintiff has expended for this purpose will effectively be returned to him in the form of an increase in his share of the proceeds from the sale of the house; he should, however, receive a credit for the other half of these payments, which have increased defendant's share of the proceeds by an equivalent amount. Defendant, having been ordered to take over payment of the mortgage loan from the date of judgment to the sale, is, of course, entitled to a similar credit for one half of the amount she pays toward the principal during that time (which, likewise, will increase plaintiff's share of the sale proceeds). Any disparity in these amounts can best be remedied at the time of the sale, by first repaying each party, from the net proceeds, the full amount he or she has paid toward the principal of the loan since the action was commenced, with the remaining proceeds then divided equally.

In addition, fairness requires that the interest portion of those mortgage payments made by plaintiff during the pendency of this action be credited against his $6,100 retroactive maintenance obligation, as payment of this interest inured primarily to defendant's benefit, significantly reducing the amount that she had to expend for housing.

Plaintiff's remaining arguments have been considered and found meritless. As a final matter, defendant's request for counsel fees in connection with this appeal is denied, without prejudice to a renewal of that request before Supreme Court (*see, Gutman v Gutman*, 24 AD2d 758).

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, without costs, to the extent that (1) the second sentence of the fourth decretal paragraph is deleted, and the following is inserted in its place: "After liens and other marital debts associated with the property have been satisfied and each party has been reimbursed for amounts paid, on or after October 1, 1995, toward the principal of the mortgage loan associated with the marital residence, the remaining proceeds shall be divided equally between the parties.", and (2) the third sentence of the seventh decretal paragraph is modified, by deleting the period at the end thereof, and in its place adding the following: ", less the total of all interest payments made by plaintiff, on or after October 1, 1995, for the mortgage loan associated with the marital residence at 175 Ferguson Road, Dryden, New York."; and, as so modified, affirmed.