■ CYNTHIA K. ZIELINSKI, Respondent, v JOSEPH A. ZIELINSKI, Appellant. [676 NYS2d 252] —Carpinello, J. Appeal from an order of the Supreme Court (Williams, J.H.O.), entered November 12, 1997 in Ulster County, which granted plaintiff's motion for an award of counsel fees.

Plaintiff and defendant were married in December 1979 and had four children in the course of their marriage. In May 1994, plaintiff commenced this action for divorce in Supreme Court. On June 18, 1997, the parties appeared before the court and a settlement was reached whereupon, *inter alia*, it was agreed that plaintiff would receive sole custody of the children, defendant would have scheduled visitation and pay $90 per week in child support, and plaintiff would retain sole occupancy of the marital residence. In the course of these proceedings, plaintiff renewed an earlier request for counsel fees and was told by Supreme Court that she would have 30 days to submit her application accompanied by the appropriate documentation. The settlement was then placed on the record and the terms thereof were incorporated in the subsequent divorce judgment. By notice of motion dated July 23, 1997, plaintiff moved for an award of counsel fees and the court ordered defendant to pay $4,000 to plaintiff's counsel. This appeal by defendant followed.

We affirm. Initially, we reject defendant's argument that the

order awarding counsel fees should be vacated because the motion was made five days beyond the 30-day period set by Supreme Court, as there is no indication in the record that the minimal delay prejudiced defendant in any way (*see,* CPLR 2001). Defendant's additional argument that the counsel fee award was violative of Domestic Relations Law § 237 (a) because it was entered after the final judgment of divorce was not preserved for appellate review in that it was not raised before Supreme Court (*see, Paul v Paul,* 200 AD2d 820, 821, *lv dismissed* 83 NY2d 953). In any event, the court clearly reserved judgment on the issue of counsel fees prior to entry of the judgment without objection from defendant; thus, a post-judgment determination of this issue was not improper (*see, Sim v Sim,* 248 AD2d 781; *Hogan v Hogan,* 194 AD2d 520).

Turning to the propriety of the amount awarded, we find no abuse of Supreme Court's discretion (*see,* Domestic Relations Law § 237 [a]; *see also, Vicinanzo v Vicinanzo,* 193 AD2d 962, 966). Here, the record demonstrates that this divorce proceeding was bitterly contested on *both* sides and plaintiff's counsel fees amounted to approximately $13,000. The court was entitled to credit proof as to defendant's higher earning capacity and we find no reason to disturb the $4,000 award to plaintiff (*see, Mancinelli v Mancinelli,* 228 AD2d 747).

The remaining issues raised by defendant have been examined and found to be without merit.

Mikoll, J. P., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.