(August 24, 2000)

■ BOZENA PLAWNER, Appellant, v JANUSZ PLAWNER, Respondent. [712 NYS2d 38] —Judgment, Supreme Court, New York

County (Joan Lobis, J.), entered September 18, 1998, which, to the extent appealed from, *inter alia*, determined plaintiff's entitlement to a distributive share of defendant's assets, unanimously modified, on the law and the facts, to the extent of striking that part of paragraph (7) which limits the award of maintenance to plaintiff "for a period of three (3) years", and striking paragraph (5) (b) of the judgment awarding plaintiff $9,346, purportedly representing 50% of the down payment on the residential condominium in Stratton, Vermont and substituting therefor a provision awarding plaintiff $12,346 for the same, and, as so modified, affirmed, without costs.

Given the major disparity between the incomes of the parties, the parties' stipulation that plaintiff's dental practice was worthless and the trial court's finding that her dental license has no value as a marital asset, at least in part, due to her degenerative osteoarthritis and other medical ailments, there should have been no durational limitation with respect to plaintiff's maintenance award. While plaintiff's medical expert could not predict with specificity how long it would take for plaintiff's condition to further deteriorate, such deterioration was certain and there is nothing in the record to indicate that plaintiff's condition will improve or that her earning capacity will be any better next year, when the maintenance award is due to expire, than now (*cf., Zelnik v Zelnik*, 169 AD2d 317, 333).

Examination of the closing statement from defendant's purchase of a Vermont condominium just days prior to the commencement of this divorce action also discloses that the trial court miscalculated the marital assets used by defendant in making that acquisition. As a result, plaintiff is entitled to a full 50% of the down payment made by defendant in connection with the purchase of the condominium.

As for the balance of plaintiff's arguments, the trial court properly deducted the amounts expended by defendant from his separate, post-commencement earnings for the upkeep of the marital property in issue (*see, Walters v Walters*, 252 AD2d 775; *Lekutanaj v Lekutanaj*, 234 AD2d 429), and properly exercised its discretion in deducting a portion of the intangible assets of defendant's practice, computed as capitalized excess earnings, from the residual value of the practice (*see, Grunfeld v Grunfeld*, 255 AD2d 12, *mod on other grounds* 94 NY2d 696; *Wadsworth v Wadsworth*, 219 AD2d 410).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sullivan, P. J., Nardelli, Tom, Lerner and Andrias, JJ.