■ DAVID ANDERSON, IV, Appellant, v TERESA M. ANDERSON, Respondent. [737 NYS2d 313] —Appeal from an order and judgment (one document) of Supreme Court, Monroe County (VanStrydonck, J.), entered February 22, 2001, which awarded defendant attorney's fees.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order and judgment awarding defendant attorney's fees in the amount of

$48,578.59. We recently affirmed that part of a prior order awarding defendant 75% of the reasonable attorney's fees incurred (*Anderson v Anderson,* 286 AD2d 967), and plaintiff may not raise the same contentions here that he raised in the prior appeal (*see generally, Mobil Oil Corp. v City of Syracuse Indus. Dev. Agency,* 224 AD2d 15, 19, *appeal dismissed* 89 NY2d 860, *lv denied* 89 NY2d 811). We conclude that plaintiff's remaining contentions lack merit. Supreme Court "clearly reserved judgment on the issue of [attorney's] fees prior to entry of the judgment; thus, a postjudgment determination of this issue was not improper" (*Zielinski v Zielinski,* 252 AD2d 800, 801). Contrary to plaintiff's contention, the court did not abuse its discretion in awarding defendant attorney's fees incurred before commencement of the action and in connection with the hearing on attorney's fees (*see,* Domestic Relations Law § 237 [a]; *O'Shea v O'Shea,* 93 NY2d 187, 189), and we conclude that the amount of attorney's fees awarded following the hearing is not excessive. The court determined that the attorney's fees were reasonable (*see,* Domestic Relations Law § 237 [a]), "due to the number and complexity of the sharply contested issues in this matter, the length of this substantial litigation and, [due] in large part [to] the actions and tactics of [p]laintiff himself." Furthermore, there is no basis to disturb the court's determination that a retainer agreement was signed in July 1997 but could not be located. Thus, we conclude that the court did not abuse its discretion in awarding defendant attorney's fees incurred prior to March 30, 1998, when a revised retainer agreement was signed (*see generally,* Domestic Relations Law § 237 [a]). Present—Green, J.P., Hayes, Scudder, Gorski and Lawton, JJ.