■ AMY N. HOLTERMAN, Respondent, v ROBERT K. HOLTERMAN, Appellant. [762 NYS2d 152] —Mugglin, J. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), ordering, inter alia, equitable distribution of the parties' marital property, entered October 25, 2002 in Albany County, upon a decision of the court.

On this appeal defendant claims error with the monetary aspects of equitable distribution, maintenance, child support, life insurance and fees. First, defendant claims that the rationale in *Brough v Brough* (285 AD2d 913 [2001]) should be applied here and plaintiff's share of that portion of his enhanced earnings that is marital property should be limited to 10%. We disagree. Although we recognize that defendant obtained his medical degree through his own hard work, this is simply one aspect to be considered. In an extensive decision, Supreme Court carefully considered the statutory factors (*see* Domestic Relations Law § 236 [B] [5] [d]) and the other circumstances which together support its award. These circumstances include plaintiff being the sole source of support for the family unit during defendant's last two years of medical school, the sacrifice of her own career and her substantial economic and noneconomic contributions to the household and to defendant's career (*see McSparron v McSparron*, 87 NY2d 275, 281 [1995]).

Next, we find no merit in defendant's assertion that awarding plaintiff lifetime maintenance constitutes an abuse of discretion. The amount and duration of maintenance are issues to be resolved in the sound discretion of the trial court after appropriate reflective consideration of Domestic Relations Law § 236 (B) (6) (a) (*see Lombardo v Lombardo*, 255 AD2d 653, 654 [1998]; *Kay v Kay*, 302 AD2d 711, 712 [2003]). The objective of an award of maintenance is to provide support while the recipient gains the necessary skills and employment to become self-sufficient. Since this is dependent upon both the predivorce standard of living and the earning capacity of both parties, nondurational maintenance may be necessary. This is particularly true where, as here, in a 19-year marriage, plaintiff sacrificed her career for the benefit of defendant and will be unable to achieve reasonable parity to the marital standard of living through her own employment. Although plaintiff's medical condition will not prohibit her from returning to the work force, it impacts when that is possible and the amount she can earn. Thus, we are satisfied that the award of maintenance is appropriate.

Next, defendant maintains that requiring him to carry $800,000 worth of life insurance is inappropriate. Domestic Re-

lations Law § 236 (B) (8) (a) authorizes an order directing the purchase of an insurance policy on the life of either spouse in order to protect maintenance and child support recipients (*see Hartog v Hartog*, 85 NY2d 36, 50 [1995]), and is a matter which rests in the sound discretion of the court (*see Grenier v Grenier*, 210 AD2d 557 [1994]). Potentially, in view of the award of nondurational maintenance, defendant's obligation to maintain $800,000 in life insurance for plaintiff's benefit could last for the balance of defendant's life and could produce a windfall for plaintiff near the end of her lifetime in excess of the remaining maintenance obligation. The record reveals that defendant currently has $800,000 of life insurance, $300,000 through his employer and $500,000 in a private 20-year level premium term life policy. Whether he will be insurable, and at what cost, at the end of the 20-year period, and whether or not the $300,000 policy expires when he retires are additional issues which lead us to conclude that Supreme Court abused its discretion with respect to this issue. Therefore, the judgment of divorce should be modified to provide that defendant's obligation to maintain $500,000 of life insurance, with plaintiff as the primary beneficiary, terminates upon defendant's completion of his three obligations to pay the distributive award, child support and maintenance, or upon expiration of the existing 20-year term life policy, whichever event occurs sooner, and his obligation to maintain a $300,000 policy similarly expires upon completion of these three obligations or upon his retirement from the practice of medicine, whichever occurs sooner.

We next find no merit in defendant's "double dipping" claims that equitable distribution of the license, maintenance and child support were all inappropriately awarded from the same stream of income. Defendant's enhanced earnings were calculated by subtracting his baseline earnings (without a medical license) of $69,000 from his gross earnings as a licensed medical doctor of $183,000. A coverture factor of 70% was applied to the $114,000 difference and the result of $79,800 was capitalized to determine the value of the license to be equitably distributed. Thus, the $79,800 provides the source for paying the equitable distribution award, but is no longer available for maintenance calculation (*see Grunfeld v Grunfeld*, 94 NY2d 696, 707 [2000]; *see also Erickson v Erickson*, 281 AD2d 862, 863 [2001]). Defendant's remaining income of $103,200 ($183,000 minus $79,800) is more than adequate to support the award of maintenance. We find no controlling case law or statutory authority to support defendant's argument that the annual payment that he makes to satisfy the equitable distribution of his enhanced earnings is deductible in computing his child support obligation.

Supreme Court examined the factors essential to the exercise of its discretion in resolving a request for expert witness and counsel fees and, since the award is not clearly unjustified, no reason exists to disturb this aspect of the decision (*see Nelson v Nelson*, 290 AD2d 826, 828 [2002]; *Vicinanzo v Vicinanzo*, 193 AD2d 962, 966 [1993]). Further, since the record fails to indicate that defendant claimed certain property as his separate property, Supreme Court did not err in failing to award it to him. Lastly, defendant's contention that he is entitled to a credit of $2,000 because of plaintiff's preaction withdrawal from a marital home equity account is meritless because of his record stipulation to the balance due and owing on the home equity loan.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by directing that plaintiff's interest as sole beneficiary in defendant's life insurance terminates upon defendant's completion of his three obligations to pay the distributive award, child support and maintenance, or upon expiration of the existing 20-year term life policy, whichever event occurs sooner, and his obligation to maintain a $300,000 policy similarly expires upon completion of these three obligations or upon his retirement from the practice of medicine, whichever occurs sooner, and, as so modified, affirmed.