Laura WW., Respondent, v Peter WW., Appellant. [857 NYS2d 252]—

Spain, J. Appeals (1) from an order of the Supreme Court (Peckham, J.), entered August 8, 2007 in Delaware County, which granted plaintiff's application for counsel fees, and (2) from the judgment entered thereon.

In this action, after entry of a judgment of divorce, plaintiff moved for an order directing defendant to pay her counsel fees. After a hearing, Supreme Court granted the motion and entered a judgment in the amount of $5,047.50. Defendant appeals, and we now affirm.

The facts of this case are more completely set forth in our decision affirming the judgment of divorce (*Laura WW. v Peter WW.*, 51 AD3d 211 [2008] [decided herewith]). Defendant does not challenge the calculated amount of fees, but argues that Supreme Court abused its discretion in finding that he should bear the cost of those fees because plaintiff failed to demonstrate that she could not pay them herself. It is within the sound discretion of the trial court to award counsel fees in a matrimonial action (*see* Domestic Relations Law § 237 [a]; *Bellinger v Bellinger*, 46 AD3d 1200, 1203 [2007]; *Farrell v Cleary-Farrell*, 306 AD2d 597, 600 [2003]). Where the trial court has considered all relevant factors, the determination should not be disturbed unless the award is clearly unjustified (*see Holterman v Holterman*, 307 AD2d 442, 444 [2003], *affd* 3 NY3d 1 [2004]; *Vicinanzo v Vicinanzo*, 193 AD2d 962, 966 [1993]).

Here, Supreme Court appropriately considered the relevant factors, including the relative disparity in the parties' income, even after child support was subtracted from defendant's income and added to plaintiff's income, the balanced equitable distribution of the marital assets, and the parties' other resources and obligations. Defendant's reliance on the fact that plaintiff took

title to the marital home is unavailing; "[t]he fact that [the prevailing party] is employed and has some financial resources of [his or] her own is not dispositive" (*Mac Murray v Mac Murray*, 187 AD2d 840, 841 [1992]; *see Harrington v Harrington*, 300 AD2d 861, 864-865 [2002]). Under these circumstances, we cannot find that Supreme Court abused its discretion in awarding counsel fees (*see Coon v Coon*, 29 AD3d 1106, 1112 [2006]; *Holterman v Holterman*, 307 AD2d at 444; *Zielinski v Zielinski*, 252 AD2d 800, 801 [1998]).

Cardona, P.J., Carpinello, Kavanagh and Stein, JJ., concur. Ordered that the order and judgment are affirmed, without costs.