■ Kevin S. Harrington, Appellant, v Jeanne O. Harrington, Respondent. [941 NYS2d 320]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Pritzker, J.), entered October 15, 2010 in Washington County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in 1991 and have two children (born in 1989 and 1991). The husband is a self-employed contractor who, throughout the marriage, operated his own construction business while the wife, who is permanently disabled, devoted herself to the care of the parties' children and was not otherwise employed. The husband commenced this action in December 2008 and, after a trial, Supreme Court granted the wife's counterclaim for divorce, distributed certain marital assets, and directed the husband to pay maintenance for 15 years and approximately $10,000 towards the wife's counsel fees. The husband now appeals.

The husband challenges Supreme Court's decision to impute an additional $30,000 to the income he claims to earn each year. Initially, Supreme Court is not bound by representations made by a party in a matrimonial action regarding his or her annual income and may increase that figure where the record establishes, as it does here, that a party routinely paid "personal expenses from business accounts" and had access to other income to offset such expenses (*Bean v Bean*, 53 AD3d 718, 722 [2008]). In support of his claim regarding his annual income, the husband submitted tax returns for a four-year period beginning in 2005 in which he claimed annual adjusted gross income between $13,802 and $33,689. However, Supreme Court found, and the record established, that despite the husband's claims regarding his limited income, he paid, in addition to other expenses, $559 per month in child support and $2,000 each month to his girlfriend to live at her residence and for bookkeeping services she provided his contracting business. Also, the husband admitted using the business checking account for personal expenses and paying for numerous vacations he had taken with his girlfriend, plus $950 a month in rent for a residence in which he did not reside. This evidence provides ample support for Supreme Court's determination that additional income should be imputed to the husband to reflect an annual income of $60,000 per year (*see Armstrong v Armstrong*, 72 AD3d 1409, 1414 [2010]; *McAuliffe v McAuliffe*, 70 AD3d 1129, 1131 [2010]).

We also note that, contrary to the husband's contention, Supreme Court is not bound by a determination previously rendered by Family Court in a child support proceeding that his annual income was $30,000. Here, evidence was presented that the husband's claims in this regard were not accurate or credible, and provided a rational basis for Supreme Court's decision placing his annual income at $60,000. In addition, the wife did

not waive her right to challenge the husband's claims regarding his annual income simply because she had previously signed joint tax returns that listed his annual income as $30,000 (*see generally Mahoney-Buntzman v Buntzman*, 12 NY3d 415 [2009]).

As for the duration of the husband's obligation to pay maintenance, Supreme Court considered the statutory factors (*see* Domestic Relations Law § 236 [B] [6] [a]; *Hartog v Hartog*, 85 NY2d 36, 50 [1995]; *St. Louis v St. Louis*, 86 AD3d 706, 709 [2011]; *Keil v Keil*, 85 AD3d 1233, 1238 [2011]), and specifically took into account the ages of the parties, their employment history, the standard of living they enjoyed during the marriage, the length of the marriage, and the fact that the wife has been permanently disabled since 1995.[1] Inasmuch as the court's decision was based on relevant factors, we do not find that it was an abuse of discretion (*see Roberto v Roberto*, 90 AD3d 1373, 1376 [2011]; *Keil v Keil*, 85 AD3d at 1238).

As for its award of counsel fees, Supreme Court conducted a hearing at which the wife's counsel testified to the legal services she provided during the course of these proceedings. Given the wife's need for these legal services, and the parties' respective financial conditions, the court did not abuse its discretion by directing the husband to contribute $9,816 to the payment of the legal expenses that the wife has incurred in these proceedings[2] (*see O'Connor v O'Connor*, 91 AD3d 1107 [2012]; *Laura WW. v Peter WW.*, 50 AD3d 1292, 1292 [2008]). Further, while the wife's counsel did not, as required, bill the wife every 60 days for her services, she did provide her with a copy of a retainer agreement, as well as a statement of client's rights and responsibilities pursuant to 22 NYCRR 1400.3. More importantly, counsel's failure to bill the wife for these services every 60 days is not a ground upon which the husband can rely to avoid paying a share of her legal expenses (*see Webbe v Webbe*, 267 AD2d 764, 765 [1999], *lv denied* 95 NY2d 753 [2000]; *see also Petosa v Petosa*, 56 AD3d 1296 [2008]; *Johnner v Mims*, 48 AD3d 1104, 1105 [2008]).[3]

The husband's remaining arguments challenging Supreme

---

1. In its award, Supreme Court took note of the husband's child support obligation and increased the amount of maintenance he was to pay the wife once that obligation ended. At that time, the husband was obligated to pay $250 per week until August 8, 2035, unless he had not retired at that time.

2. The current action was commenced prior to the recent amendment to Domestic Relations Law § 237 (a) (*see* L 2010, ch 329, § 1).

3. As for the wife's application that the amount awarded for counsel fees be increased, we note that she has not appealed any part of Supreme Court's judgment (*see Hecht v City of New York*, 60 NY2d 57, 61 [1983]; *Matter of*

Court's decision regarding the distribution of marital assets have no merit. The principal assets in question were the marital residence, which, when this action was commenced, had little if any equity, and a vacant lot that the court directed be sold and the proceeds divided equally between the parties. Finally, the reference made by the court to custody in its final decision merely reflected the terms of the parties' stipulation and is of no moment given that each child has now reached the age of 21.

Peters, J.P., Rose, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

_Sanders v Slater_, 53 AD3d 716, 717 n [2008]; _Cassadei v County of Schenectady_, 50 AD3d 1439, 1439 n 1 [2008]).