*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 19, 2015        518329
_____

MARK JAMES LaPLANTE,
                Respondent,

     v                              MEMORANDUM AND ORDER

CHRISTINE ANN LaPLANTE,
                Appellant.
_____

Calendar Date: January 15, 2015

Before: Lahtinen, J.P., Garry, Devine and Clark, JJ.

_____

Getnick Livingston Atkinson & Priore, LLP, Utica (Brian J. Ehrhard of counsel), for appellant.

Trevor W. Hannigan, Albany, for respondent.

_____

Lahtinen, J.P.

Appeals (1) from a judgment of the Supreme Court (Teresi, J.), entered April 29, 2013 in Greene County, upon a decision of the court partially in favor of plaintiff, and (2) from an order of said court, entered June 19, 2013 in Greene County, which denied defendant's motion for an award of counsel fees.

Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in June 2006 and this divorce action was commenced in August 2010. Following a trial, Supreme Court rendered a written decision in November 2012 in which it granted a divorce, distributed the marital property, awarded the wife durational maintenance and, as relevant on appeal, denied the wife's request for counsel fees. The denial of counsel fees was based primarily on a lack of proof as to such issue. In January 2013 and before the judgment of divorce was entered, the

wife made a motion for counsel fees and submitted, among other
things, billing records.  The motion was denied in a decision
dated March 2013 (later reduced to an order entered in June
2013).  The judgment of divorce was entered in April 2013.  The
wife appeals.

We affirm.  Domestic Relations Law § 237 (a) was amended in
2010 and the new provisions apply to actions commenced on or
after October 12, 2010 (see L 2010, ch 329, §§ 1, 3; ch 415).
This action was commenced in August 2010 and, although the
parties and Supreme Court referenced some of the newly added
statutory language, nonetheless, the application for counsel fees
was governed by Domestic Relations Law former § 237 (a) (see
Harrington v Harrington, 93 AD3d 1092, 1094, n 2 [2012]).  The
language of the former statute "ha[d] been interpreted to permit
the court to direct payment of fees and expenses 'at any time
after the start of the action up through the entry of final
judgment'" (Redgrave v Redgrave, 304 AD2d 1062, 1066 [2003],
quoting O'Shea v O'Shea, 93 NY2d 187, 192 [1999]), and making
such an award is "'left to the sound discretion of [the trial
court]'" (Cornish v Eraca-Cornish, 107 AD3d 1322, 1326 [2013],
quoting Strang v Strang, 222 AD2d 975, 979 [1995]).

At trial, the wife's counsel stated that counsel fees would
be addressed, but evidence was not presented as to such issue.
Supreme Court set forth on the record that counsel fees was one
of the issues at trial.  The court instructed the parties to
address such issue in their proposed statements of fact and
conclusions of law, thus giving further notice that the issue
would be decided based on the evidence presented at trial, and
the wife's counsel indicated that he had no questions regarding
the court's instructions.  The court had also told the parties
that it would not accept additional proof after the trial.

Inasmuch as the wife's counsel failed to "establish the
nature or value of the services rendered," Supreme Court did not
err in refusing to award counsel fees (Nolan v Nolan, 104 AD3d
1102, 1107 [2013]; see Yarinsky v Yarinsky, 2 AD3d 1108, 1110
[2003]).  Although the court was permitted (but not required)
under the former statute to consider an application for counsel
fees up to entry of judgment, we are unpersuaded that it abused

its discretion here in light of the parameters and time frames it had established for submitting such proof. Lest there be any confusion, we make clear that this case is decided under the former statutory language and we express no opinion whether the result would be the same under the current statutory language.

Devine and Clark, JJ., concur.


Garry, J. (dissenting).

I respectfully dissent. I agree with the majority that counsel for defendant (hereinafter the wife) erred in failing to present proof at trial of the nature and value of the services rendered and, further, that Supreme Court was not required to consider a posttrial application for counsel fees under the former statute, although it had the discretion to do so (see Domestic Relations Law former § 237 [a]; Redgrave v Redgrave, 304 AD2d 1062, 1066 [2003]). Nonetheless, considering the circumstances, and particularly in view of the great disparity in the parties' finances and the underlying reasons for this disparity, I find that the court's refusal to render a posttrial award results in the imposition of an unjust punishment upon the wife based solely upon the error of her counsel (compare Shapiro v Shapiro, 179 AD2d 525, 526 [1992]). Thus, reviewing the imposition upon the court arising from counsel's errors, and the harm to the wife arising from the court's refusal to entertain the belated application, I find that counsel fees should have been awarded.

The evidence established that plaintiff (hereinafter the husband) — who had been a State Trooper for more than 25 years and had an annual income of $109,000 at the time of trial — was financially secure before the parties' four-year marriage and remained so thereafter. By contrast, the brief marriage drastically altered the wife's financial security. Before the marriage, she had been securely employed for 15 years as a tenured special education teacher. Following the marriage, however, she left this position and moved with the husband to another county. The move was necessitated by the husband's job transfer, and Supreme Court found as a fact that the wife left

her teaching position to further the husband's career in law enforcement. Although the wife obtained a teaching job in the new community, she was laid off after two years — through no fault of her own, as the court found — and was unable to find steady employment thereafter. She was unemployed at the time of trial; the court found that she was actively seeking employment, but had no immediate prospects for full-time work. The wife's only income consisted of unemployment insurance payments and Social Security survivorship benefits related to the death of her former husband, both of which were scheduled to terminate a few months after the trial.

The distributive award provided almost no additional liquid resources. The wife received an undivided interest in a house in the Town of Remsen, Oneida County that she had owned before the marriage, burdened by a mortgage that was her sole responsibility. At the time of trial, she was residing in this house with her two children, ages 17 and 22. The wife also received a half interest in the equity in the heavily-mortgaged marital residence in an unspecified amount, as well as a vehicle encumbered by a lien.[1] Thus, unless and until she found work, almost the only financial resource available to her to pay her counsel fees — and to maintain her household, cover her mortgage, car payments, health insurance premiums and other obligations, and support herself — was Supreme Court's maintenance award of $24,000 annually for two years.

As the majority notes, the rebuttable presumption in favor of awarding counsel fees to the less monied spouse does not apply here (see Domestic Relations Law § 237 [a]; L 2010, ch 329, §§ 1, 3; ch 415). Nevertheless, even under the former statute, the parties' relative financial circumstances were significant in making a discretionary award of counsel fees (see Domestic Relations Law former § 237 [a]; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; Armstrong v Armstrong, 72 AD3d 1409, 1416

---

[1] No evidence was presented of the value of the equity in the marital residence at the time of trial, but, in light of the record evidence, it does not appear that the total equity exceeded a sum in the range of roughly $10,000.

[2010]; <u>Laura WW. v Peter WW.</u>, 50 AD3d 1292, 1292-1293 [2008]), and a substantial difference in the parties' financial resources was a proper basis for such an award (<u>see</u> <u>Freas v Freas</u>, 33 AD3d 1069, 1071 [2006]; <u>Walters v Walters</u>, 252 AD2d 775, 775-776 [1998]; <u>White v White</u>, 204 AD2d 825, 829 [1994], <u>lv dismissed</u> 84 NY2d 977 [1994]).

Here, the wife's counsel submitted proof of the nature and value of the legal services rendered as part of the posttrial application for counsel fees. Considering the wife's lack of culpability for her counsel's error in failing to present such proof at trial and the extreme disparity in the parties' financial resources, I find that Supreme Court improvidently exercised its discretion in failing to consider that application and render an appropriate award of counsel fees. Accordingly, as no hearing was conducted and the parties did not stipulate to a determination based upon written submissions, I would remit the matter to Supreme Court for a hearing on the amount of the award (<u>see</u> <u>Redgrave v Redgrave</u>, 304 AD2d at 1066-1067).

ORDERED that the judgment and order are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court