Garry, J.
(dissenting). I respectfully dissent. I agree with the majority that counsel for defendant (hereinafter the wife) erred in failing to present proof at trial of the nature and value of the services rendered and, further, that Supreme Court was not required to consider a posttrial application for counsel fees under the former statute, although it had the discretion to do so (see Domestic Relations Law former § 237 [a]; Redgrave v Redgrave, 304 AD2d 1062, 1066 [2003]). Nonetheless, considering the circumstances, and particularly in view of the great disparity in the parties’ finances and the underlying reasons for this disparity, I find that the court’s refusal to render a posttrial award results in the imposition of an unjust punishment upon the wife based solely upon the error of her counsel (compare Shapiro v Shapiro, 179 AD2d 525, 526 [1992]). Thus, reviewing the imposition upon the court arising from counsel’s errors, and the harm to the wife arising from the court’s refusal to entertain the belated application, I find that counsel fees should have been awarded.
The evidence established that plaintiff (hereinafter the husband) — who had been a State Trooper for more than 25 years and had an annual income of $109,000 at the time of trial — was financially secure before the parties’ four-year marriage and remained so thereafter. By contrast, the brief marriage drastically altered the wife’s financial security. Before the marriage, she had been securely employed for 15 years as a tenured special education teacher. Following the marriage, however, she left this position and moved with the husband to another county. The move was necessitated by the husband’s job transfer, and Supreme Court found as a fact that the wife left her teaching position to further the husband’s career in law enforcement. Although the wife obtained a teaching job in the new community, she was laid off after two years — through no fault of her own, as the court found — and was unable to find steady employment thereafter. She was unemployed at the time of trial; the court found that she was actively seeking employment, but had no immediate prospects for full-time work. The wife’s only income consisted of unemployment insurance payments and Social Security survivorship benefits related to the death of her former husband, both of which were scheduled to terminate a few months after the trial.
*1191 The distributive award provided almost no additional liquid resources. The wife received an undivided interest in a house in the Town of Remsen, Oneida County that she had owned before the marriage, burdened by a mortgage that was her sole responsibility. At the time of trial, she was residing in this house with her two children, ages 17 and 22. The wife also received a half interest in the equity in the heavily-mortgaged marital residence in an unspecified amount, as well as a vehicle encumbered by a lien.* Thus, unless and until she found work, almost the only financial resource available to her to pay her counsel fees — and to maintain her household, cover her mortgage, car payments, health insurance premiums and other obligations, and support herself — was Supreme Court’s maintenance award of $24,000 annually for two years.
As the majority notes, the rebuttable presumption in favor of awarding counsel fees to the less monied spouse does not apply here (see Domestic Relations Law § 237 [a]; L 2010, ch 329, §§ 1, 3; ch 415). Nevertheless, even under the former statute, the parties’ relative financial circumstances were significant in making a discretionary award of counsel fees (see Domestic Relations Law former § 237 [a]; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; Armstrong v Armstrong, 72 AD3d 1409, 1416 [2010]; Laura WW. v Peter WW., 50 AD3d 1292, 1292-1293 [2008]), and a substantial difference in the parties’ financial resources was a proper basis for such an award (see Freas v Freas, 33 AD3d 1069, 1071 [2006]; Walters v Walters, 252 AD2d 775, 775-776 [1998]; White v White, 204 AD2d 825, 829 [1994], lv dismissed 84 NY2d 977 [1994]).
Here, the wife’s counsel submitted proof of the nature and value of the legal services rendered as part of the posttrial application for counsel fees. Considering the wife’s lack of culpability for her counsel’s error in failing to present such proof at trial and the extreme disparity in the parties’ financial resources, I find that Supreme Court improvidently exercised its discretion in failing to consider that application and render an appropriate award of counsel fees. Accordingly, as no hearing was conducted and the parties did not stipulate to a determination based upon written submissions, I would remit the matter to Supreme Court for a hearing on the amount of the award (see Redgrave v Redgrave, 304 AD2d at 1066-1067).
Ordered that the judgment and order are affirmed, without costs.

 No evidence was presented of the value of the equity in the marital residence at the time of trial, but, in light of the record evidence, it does not appear that the total equity exceeded a sum in the range of roughly $10,000.