■ BERNICE TURNER, Appellant, v ARTHUR L. TURNER, Re-

spondent. [609 NYS2d 487] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: After 30 years of marriage, plaintiff wife left the marital residence and in August 1991 commenced this action seeking a divorce based upon defendant's cruel and inhuman treatment. She also sought equitable distribution of the marital property. Defendant withdrew his answer, allowing plaintiff to proceed with the divorce action by default. A trial was held on the economic issues and Supreme Court, without setting forth the factors it considered and the reasons for its decision, distributed the marital assets approximately 62% to defendant and 38% to plaintiff. Plaintiff appeals, arguing that the assets of this long-term marriage, to which both parties contributed, should have been divided equally. We agree.

Supreme Court properly awarded each party ownership of one income property because the stipulated equity in each was approximately the same. Supreme Court also properly ordered that the marital residence be sold and the proceeds equally divided. Supreme Court erred, however, in not awarding the parties equal shares of the net rental income generated by the rental properties during the pendency of the action. Although defendant managed the properties while the action was pending, the record reveals the financial and personal contributions of both parties to the acquisition and maintenance of the income properties.

Supreme Court further erred by awarding the parties their respective retirement plans. Both retirement plans were marital property (see, Majauskas v Majauskas, 61 NY2d 481) and, at the time of trial, defendant's retirement package was worth more than double plaintiff's. Plaintiff testified that she ran the household and raised the parties' four children before obtaining full-time employment during the last 10 years of the marriage. Plaintiff was awarded no maintenance and has only a limited time to contribute to her own pension plan. Consequently, plaintiff was entitled to an equitable share of defendant's pension, which can be in the form of a distributive award.

Finally, we agree with plaintiff that she is entitled to reimbursement from defendant for a Workers' Compensation award in the amount of $4,410, which defendant had confiscated. Supreme Court improperly offset against that amount

various amounts defendant claimed to have expended for marital purposes. Because defendant submitted no proof of the amounts expended, he was not entitled to an offset. We modify the judgment by deleting the third, seventh and eighth decretal paragraphs, and remit this matter to Supreme Court to distribute the property in accordance with this memorandum. At that time, plaintiff may address to Supreme Court her application for counsel fees to prosecute this appeal. (Appeal from Judgment of Supreme Court, Wayne County, Strobridge, J.—Equitable Distribution.) Present—Green, J. P., Balio, Lawton, Doerr and Boehm, JJ.