■ KATHERINE T. WINNIE, Appellant, v DONALD WINNIE, JR., Respondent. [645 NYS2d 167] —White, J. Appeal from a judgment of the Supreme Court (Teresi, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered January 26, 1995 in Albany County, upon a decision of the court.

The parties were married in 1960 and had three sons, born in 1962, 1963 and 1971. Shortly after their marriage, plaintiff, who had been working for the Department of Taxation and Finance, left her job to assume full-time responsibilities as wife and mother. Defendant worked at a number of jobs, includ-

ing several years in the US Air Force. In 1974 he abandoned the marital home, leaving a note that he would send money but that plaintiff should not try to find him. Sometime later plaintiff learned that defendant had purchased property in the Town of Nassau, Rensselaer County, where he was living with his paramour. After his departure from the marital residence, defendant provided child support in the amount of $70 per week which later decreased to $60 per week when the oldest child reached majority and eventually to $30 per week when the second child reached majority. Plaintiff supported herself and the children on these payments, public assistance and, later, Supplemental Security Income (hereinafter SSI) to which she became entitled as a result of debilitating arthritis. Meanwhile, defendant obtained employment with the New York State Thruway Authority and advanced to the position of Building Maintenance Supervisor.

Plaintiff commenced this action in March 1992, at which time defendant's salary was nearly $50,000 per year and it was stipulated that defendant's real estate in Nassau had a value of $62,000 and his pension a value of $58,885. In addition, defendant had a Nissan automobile worth approximately $7,000 and a bank account in the amount of $5,525. It is undisputed that all of these assets were acquired by defendant after leaving the marital home and prior to the commencement of the divorce action. At the conclusion of the trial, Supreme Court granted plaintiff a divorce and found that because plaintiff made no contribution to either the Nassau property or the automobile, neither were subject to equitable distribution. The court awarded plaintiff lifetime maintenance of $140 per week and a 15% share of the value of defendant's pension. Plaintiff contends that maintenance of $140 per week is inadequate in light of her expenses and the relative inequities in the parties' financial circumstances and, in addition, that she did not receive an equitable share of the marital property.

Domestic Relations Law § 236 (B) (5) (c) provides that marital property be distributed equitably considering the needs and circumstances of the respective parties and in proportion to their contribution to the marriage (see, Suydam v Suydam, 203 AD2d 806, 807, lv dismissed 84 NY2d 923). Although equitable distribution does not necessarily mean equal distribution (see, Greenwald v Greenwald, 164 AD2d 706, 713, lv denied 78 NY2d 855), it is necessary to give proper consideration to one party's contributions as the primary homemaker and caretaker, particularly where that party was forced to assume sole responsibility for child rearing (see, Kaplinsky v Kaplinsky,

198 AD2d 212, 213; *Verrilli v Verrilli*, 172 AD2d 990, 992, *lv denied* 78 NY2d 863; *see also, Greenwald v Greenwald, supra,* at 714).

Here, we find that the parties are both approximately 55 years of age, had resided together for 14 years after the marriage and remained married for 18 years after defendant left the marital residence. It is undisputed that plaintiff cared for the parties' children and maintained a home for them with extremely limited resources and that the youngest child was approximately three years old at the time defendant abandoned the family. We also note that defendant is in good health while plaintiff is totally incapacitated, has been out of the work force for many years and has no accumulated pension or Social Security benefits. She is now receiving SSI payments of $42.10 per month with no other source of income but social services. The record also reveals that plaintiff's monthly expenses are approximately $1,000 per month and with her limited SSI benefits she would require at least $200 per week to meet her monthly expenses.

Considering the length of the marriage and plaintiff's responsibilities as the sole homemaker, together with the discrepancies in the parties' income and future earning ability, we find that plaintiff is entitled to a more significant award. Because the record before us is sufficiently developed, we need not remit this issue but may substitute our determination for that of Supreme Court (*see, White v White*, 204 AD2d 825, 827, *lv dismissed* 84 NY2d 977; *Chasin v Chasin*, 182 AD2d 862, 864; *Donnelly v Donnelly*, 144 AD2d 797, 799, *appeal dismissed* 73 NY2d 992), and we opt to do so here in the interest of judicial economy.

We agree with Supreme Court that because the purchase of the Nassau property and its subsequent appreciation in value was brought about by defendant's assets and labor, with the assistance of his paramour, awarding this property to defendant was not inequitable (*see, Ramsey v Ramsey*, 226 AD2d 989, 990). Similarly, defendant's automobile and bank account are not subject to equitable distribution. However, for the reasons previously set forth, we find that the award of maintenance to plaintiff should be increased to $200 per week. In addition, plaintiff is entitled to a larger share of defendant's pension and we award her 40% of the value of the pension or a total of $23,554, and direct that these moneys be paid in 10 annual installments commencing six months from the date of this Court's decision.

Cardona, P. J., Mikoll, Mercure and Spain, JJ., concur.

Ordered that the judgment is modified, on the law and the facts, with costs to plaintiff, by increasing plaintiff's maintenance to $200 per week and her equitable share of defendant's pension to 40%, and, as so modified, affirmed.