■ FRANZ J. BAUDISCH, Respondent, v URSULA E. BAUDISCH, Appellant. [649 NYS2d 895] —Judgment insofar as appealed from unanimously reversed on the law with costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In this matrimonial action, Supreme Court erred in distributing the marital assets 73.83% to plaintiff husband and 26.17% to defendant wife. Because both parties contributed to the assets of this 19-year marriage and the court found no factors that justify an unequal distributive award, the assets should be divided equally *(see, Turner v Turner,* 202 AD2d 998, 999).

The record is sufficient for us to exercise our authority to undertake the equitable distribution of the parties' marital property *(see, Southwick v Southwick,* 202 AD2d 996, 997, *lv dismissed* 83 NY2d 1000). We reverse the judgment insofar as appealed from, therefore, by deleting the seventh decretal paragraph and substituting therefor the following paragraph: the marital property shall be distributed as follows:

The following assets shall be distributed to plaintiff:

| | | |
|---|---|---|
| Motor Vehicle | $ 5,700 | |
| SIP | 68,964 | |
| ESOP | 1,862 | |
| Pension (61.14%) | 60,185.50 | |
| SS Bridge | 43,232 | |
| | $179,943.50 | Total Marital Assets Distributed to Plaintiff |

The following assets shall be distributed to defendant:

| | | |
|---|---|---|
| House | $ 95,000 | |
| SIP | 8,114 | |
| Pension | 30,624 | |
| ESOP | 2,250 | |
| Husband's Pension (38.86%) | 38,255.50 | |
| | $174,243.50 | Total Marital Assets |

The following debts shall be distributed to plaintiff: All debts incurred in his name alone. There are no joint debts.

$0 Total Marital Debt Distributed to Plaintiff.

The following debts shall be distributed to defendant: All debts in the wife's name alone. There are no joint debts.

$0 Total Marital Debt Distributed to Defendant.

Plaintiff shall pay to defendant $2,850 for her equitable interest in his motor vehicle.

NET SUMMARY

| | |
|---|---|
| $177,093.50 | Net Marital Distribution to Plaintiff |
| $177,093.50 | Net Marital Distribution to Defendant and the distribution of 38.86% of the marital share of plaintiff's pension to defendant shall be accomplished by a Qualified Domestic Relations Order (QDRO), retroactive to the date of commencement of this action. |

This redistribution of plaintiff's pension benefits will require the recalculation of the amount of child support awarded by the court. On remittal, after the parties have submitted the QDRO, the court shall amend the second decretal paragraph of the judgment to require that plaintiff pay his pro rata share of the basic child support obligation under the Child Support Standards Act, retroactive to the date of commencement of this action, with credit for any overpayments already made by him. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Equitable Distribution.) Present—Denman, P. J., Pine, Fallon, Wesley and Davis, JJ.