Spain, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

■ JOAN M. MESSEMER, Respondent, v RICHARD H. MESSE-MER, Appellant. [706 NYS2d 786] —Carpinello, J. Appeal from a judgment of the Supreme Court (Canfield, J.), granting plaintiff a divorce and fixing defendant's spousal support obligation, entered February 5, 1999 in Rensselaer County, upon a decision of the court.

The sole issue before this Court is the propriety of Supreme Court's decision awarding plaintiff permanent maintenance in the amount of $400 biweekly following dissolution of the parties' 34-year marriage which produced five children, now all adults. Both parties are in their mid-50s and in relatively good health, although defendant has suffered from heart problems in recent years. Neither party has a college education. Plaintiff is a sales clerk at a local drug store; she has no retirement funds having depleted same following the parties' separation to pay household expenses, taxes and counsel fees. Defendant is a correction officer with the Rensselaer County Sheriff's Department and a tier I member of the New York State Retirement System. He also works part time as a bus driver. Plaintiff's annual income is approximately $12,000 and defendant's annual income is approximately $43,900. With the exception of their home, valued at $125,000 and encumbered with two mortgages, there are no significant marital assets.

Given the length of the parties' marriage, defendant's ability to earn more than three times plaintiff's salary and plaintiff's limited earning capacity and ability to improve her financial status due to her age and lack of educational or occupational training, the award of $400 biweekly spousal maintenance was not an abuse of discretion (*see*, Domestic Relations Law § 236 [B] [6] [a] [1]-[5]). With respect to the appropriate duration of

this award, we note that plaintiff's counsel conceded during oral argument before this Court that the parties intended that any spousal support awarded would terminate upon defendant's retirement. In the absence of such concession, we would nevertheless reach the same conclusion. Notably, defendant's pension was divided between the parties in accordance with the *Majauskas* formula (*see, Majauskas v Majauskas*, 61 NY2d 481). In light of plaintiff's interest in defendant's pension, we find that the spousal maintenance award should be modified by including one additional terminating caveat, i.e., defendant's retirement from the Rensselaer County Sheriff's Department.

Cardona, P. J., Mercure, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by adding a provision that defendant's spousal maintenance obligation to plaintiff shall terminate upon his retirement from the Rensselaer County Sheriff's Department, and, as so modified, affirmed.