■ COLLEEN MCATEER, Respondent-Appellant, v ROY C. MCATEER, JR., Appellant-Respondent. [742 NYS2d 718] —Mercure, J. Cross appeals from a judgment of the Supreme Court (Vogt, J.H.O.) ordering, inter alia, equitable distribution of the parties' marital property and maintenance, entered May 18, 2001 in Ulster County, upon a decision of the court.

The parties were married in April 1974. They have one child, a son born in 1978. The parties separated in November 1989. During most of the period of the parties' separation, defendant paid child support of $175 per month and provided health insurance and a rent-free apartment for plaintiff and the child. An action for divorce commenced by defendant in July 1992 was dismissed after trial due to the legal insufficiency of the evidence presented in support of the ground for divorce.

Plaintiff commenced the present action for divorce on November 15, 1999. Ultimately, defendant consented to the entry of a judgment of divorce in favor of plaintiff and the parties stipulated that Supreme Court would determine the contested issues of maintenance and equitable distribution of defendant's pension on the parties' written submissions. Supreme Court initially awarded plaintiff $400 per month in lifetime maintenance beginning February 1, 2001, but later amended its decision so as to terminate maintenance when defendant began collecting Social Security benefits. Supreme

Court distributed defendant's pension in accordance with the *Majauskas* formula, fixing the date of commencement of defendant's unsuccessful divorce action in July 1992 as the terminal date for determining the marital portion of defendant's earned pension rights (*see, Majauskas v Majauskas*, 61 NY2d 481, 486; *see also*, Domestic Relations Law § 236 [B] [1] [c]). The parties cross-appeal.

Initially, we reject defendant's contention that Supreme Court abused its discretion in awarding plaintiff maintenance of $400 per month. Given the parties' stipulation that Supreme Court would determine the issue of maintenance on their written submissions, defendant will not be heard to contend that Supreme Court erred in failing to conduct an evidentiary hearing (*see, Matter of Puff v Jorling*, 188 AD2d 977, 981). Further, Family Court's prior refusals to award plaintiff spousal support were in no way binding on Supreme Court and were in any event largely premised on defendant's subsisting child support payments and additional housing support, both of which terminated prior to the effective date of the present award.

Nor are we persuaded that Supreme Court failed to satisfy the statutory requirement that it "set forth the factors it considered and the reasons for its decision" (Domestic Relations Law § 236 [B] [6] [b]). The matrimonial court is not required to analyze and apply every factor set forth in Domestic Relations Law § 236 (B) (6) (a) (*see, Nielson v Nielson*, 259 AD2d 916, 917). Rather, it suffices that the court "provide a reasoned analysis for its decision to award plaintiff spousal maintenance, including a discussion of the factors upon which it relied" (*id.* at 917). Given the length of the marriage, the fact that the parties are both in their early 50s, the substantial disparity in their incomes—plaintiff earns $21,000 a year as a receptionist while defendant earns roughly $55,000 a year as a union construction worker—and plaintiff's limited education, training and experience, the award of $400 per month is by no means excessive (*see, Messemer v Messemer*, 272 AD2d 672; *Winnie v Winnie*, 229 AD2d 677, 678-679).

Supreme Court did err, however, in fixing February 1, 2001 as the commencement date for the award of maintenance. An award of maintenance "shall be effective as of the date of the application therefor, and any retroactive amount of maintenance due shall be paid in one sum or periodic sums, as the court shall direct" (Domestic Relations Law § 236 [B] [6] [a]; *see, Spenello v Spenello*, 274 AD2d 822, 823-824). Here, there is no question that plaintiff's application for maintenance was

made at the commencement of her divorce action on November 15, 1999. We conclude that Supreme Court also abused its discretion in fixing defendant's eligibility for Social Security benefits as the time for terminating maintenance payments. In our view, the parties' circumstances would be far better accommodated by terminating defendant's support obligation at the time when he retires and plaintiff begins to receive her distributive share of his pension benefits (*see, Messemer v Messemer, supra* at 672).

We also agree with plaintiff that Supreme Court erred in its *Majauskas* analysis by fixing the marital portion of defendant's pension plan participation as extending from the time of the parties' marriage to the date of commencement of the failed divorce action in 1992. This Court recently made it clear that the economic partnership of a marriage will not end with the commencement of an unsuccessful matrimonial action and that it is the date of commencement of the current successful action that controls (*see, O'Connell v O'Connell,* 290 AD2d 774, 775).

Because our determination has the effect of altering the value of the marital portion of defendant's pension, as well as the duration of the maintenance award, the matter should be remitted to Supreme Court to give it an opportunity to redetermine the interdependent issues of equitable distribution of the marital portion of defendant's pension and the award of maintenance to plaintiff, should it be so advised (*see, Schildkraut v Schildkraut,* 223 AD2d 585, 586). The parties' remaining contentions have been considered and found to be unavailing.

Cardona, P.J., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by fixing the period of defendant's maintenance obligation from November 15, 1999 to the date when he begins receiving retirement benefits and, for the purpose of determining the value of the marital portion of defendant's pension, substituting as the numerator in the *Majauskas* formula the number of months from the date of the parties' marriage to November 15, 1999; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.