■ MONA L. ALTOMER, Appellant, v JAMES W. ALTOMER, Respondent. [753 NYS2d 174] —Carpinello, J. Appeal from a judgment of the Supreme Court (Proskin, J.H.O.) ordering, inter alia, equitable distribution of the parties' marital property, entered June 28, 2001 in Columbia County, upon a decision of the court.

In June 1993, following nearly 24 years of marriage, the parties separated and this action for divorce was commenced. Following a nonjury trial before a Judicial Hearing Officer (hereinafter JHO), it was ordered that various assets were marital property (i.e., the marital residence and an adjacent barn valued at $100,000, funds in joint bank accounts valued at $50,000, one vehicle, defendant's pension valued at $2,996.50 and the cash value of a life insurance policy) to be shared equally between the parties. Defendant was also ordered to pay $200 per week in spousal maintenance, essentially for three years,[1] and $2,500 in counsel fees. Plaintiff appeals.

Plaintiff first complains that the JHO failed to provide a reasoned analysis concerning his resolution of numerous disputed points at trial, particularly the issue of maintenance. We agree (*see* Domestic Relations Law § 236 [B] [5] [g]; [6] [b]). Nevertheless, because the full trial record is before us, we will exercise our authority to make the necessary findings (*see e.g.* DeMarco v DeMarco, 235 AD2d 1014; Grenier v Grenier, 210 AD2d 557, 558).

Plaintiff also complains that she was denied a fair trial by the conduct of the JHO in that he interrupted counsel and interjected himself into the proceedings. On this issue, we are compelled to note that what should have been a relatively short and straightforward presentation of evidence concerning rou-

---

1. The judgment specifically provided that maintenance will continue until plaintiff becomes eligible for Social Security disability or Supplement Security Income benefits "or until such time as it is determined that she will not be awarded such benefits, but in no case longer than three years from [the] date of [the] [j]udgment of [d]ivorce."

tine issues—equitable distribution of the parties' modest marital assets and spousal maintenance—turned into a protracted, unfocused and often contentious trial replete with the assertion of repetitive and irrelevant issues by plaintiff's counsel. While the JHO may have indeed made certain remarks which would have been better left unsaid, his exasperation was often justified and he was simply attempting to isolate the relevant legal and evidentiary issues for plaintiff's counsel and move the proceedings to a conclusion. Thus, a new trial is not warranted on this ground.

We now turn to those equitable distribution issues with which plaintiff takes issue on appeal. The JHO credited defendant with $25,000, representing his share of funds on deposit in various joint bank accounts as of the commencement of the action. Plaintiff testified that she used these funds to support herself and maintain the marital residence after defendant moved out in June 1993, but before she began receiving court-ordered temporary maintenance in January 1995. Other than proving that $8,500 of this amount was used to pay counsel fees, defense counsel did not controvert plaintiff's testimony in this regard. More importantly, the JHO indicated during the trial that he accepted plaintiff's explanation concerning the use of this money. Nevertheless, he inexplicitly ordered her to credit defendant the sum of $25,000. With the exception of the funds expended on counsel fees, we find that defendant was not entitled to this credit (*see e.g. Gonzalez v Gonzalez*, 291 AD2d 373, 374; *Ferina v Ferina*, 286 AD2d 472, 474; *Maczek v Maczek*, 248 AD2d 835, 837). Rather, defendant is only entitled to receive one half of $8,500, or $4,250.

Next, while we agree with plaintiff's contention that she is entitled to share equally in a John Hancock retirement account in defendant's name,[2] she did not sufficiently prove the existence of an amount of cash that she allegedly found in defendant's living quarters after he moved out of the marital residence. Finally, as it is undisputed that defendant overpaid on previously-ordered arrears, he was properly entitled to a credit for such overpayment.

We now turn to the issue of maintenance. Here, the marriage was long, but the standard of living during same was relatively modest (*see* Domestic Relations Law § 236 [B] [6] [a] [2]). The only two children are now emancipated (*see* Domestic Relations Law § 236 [B] [6] [a] [6]). Defendant's income, ap-

---

2. Defendant did not dispute this at trial and the failure to include this marital asset in the findings of fact and conclusions of law, as well as in the judgment of divorce itself, appears to be a mere oversight.

proximately $27,000 as of the trial, is also modest but significantly higher than plaintiff's earning capacity (she never earned more than $8,700 during the marriage and was receiving public assistance as of the trial) (*see* Domestic Relations Law § 236 [B] [6] [a] [3], [4]). As of the trial, plaintiff was only 48 years old but complained of numerous health problems which, according to her, preclude her from working. While there is some medical proof in the record which supports plaintiff's claim that she is not in the best of health, no expert testimony was offered establishing a complete inability to work because of any such medical condition (*see* Domestic Relations Law § 236 [B] [6] [a] [2]).

Given these factors, and further noting that plaintiff will receive a distributive award free of the $25,000 credit that the JHO had ordered in favor of defendant (*see* Domestic Relations Law § 236 [B] [6] [a] [1]), we are of the view that the amount of maintenance ordered ($200 per week), which is nearly 39% of defendant's gross income, was excessive but that the duration, capped at three years (*see* n 1, *supra*), was insufficient given plaintiff's health and meager, if not nonexistent, earning capacity (*see* Domestic Relations Law § 236 [B] [6] [a] [2]-[4]). Thus, we find that defendant should pay plaintiff $100 per week for eight years, commencing as of the entry date of the judgment of divorce, unless she dies or remarries or succeeds in obtaining Social Security disability or Supplemental Security Income benefits (*compare Winnie v Winnie*, 229 AD2d 677; *Callen v Callen*, 287 AD2d 818; *Pottala v Pottala*, 112 AD2d 553).

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as (1) credited defendant with $25,000, (2) failed to equally distribute defendant's John Hancock retirement account, and (3) awarded certain maintenance to plaintiff; award defendant a $4,250 credit from plaintiff in lieu of a $25,000 credit, award plaintiff one half the value of defendant's John Hancock retirement account as of the commencement of the action, award maintenance to plaintiff in the amount of $100 per week for a maximum of eight years, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.