Adell T. Hendricks, Appellant-Respondent, v William C. Hendricks, Respondent-Appellant. [788 NYS2d 190]—

Rose, J. (1) Cross appeals from a judgment of the Supreme

Court (McNamara, J.), entered September 12, 2003 in Albany County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court, and (2) appeal from an order of said court, entered November 5, 2003 in Albany County, which, inter alia, denied plaintiff's application for counsel fees.

The parties in this matrimonial action were married in 1966 and have two emancipated children. After trial in 2002, Supreme Court, among other things, equally distributed the marital property and ordered defendant to pay maintenance in the amount of $1,275 per month until his retirement. In a subsequent order, Supreme Court denied both parties' applications for counsel fees. Plaintiff appeals both the judgment and the order, contending that Supreme Court erred in determining the amount, duration and effective date of the maintenance award, and in failing to grant her counsel fees. Defendant cross-appeals from only the judgment, challenging the amount of maintenance as well as Supreme Court's failure to award him a portion of plaintiff's retirement benefit, distribution of the proceeds from the marital residence and treatment of a portion of the marital residence proceeds held in escrow.

Initially, we find no merit in either plaintiff's or defendant's contentions concerning the amount and duration of maintenance. At the time of trial, defendant was 59 years old and earned $73,350 consisting of a base salary of $56,305.92 and overtime pay. Supreme Court found that his ability to earn overtime pay is decreasing, and he expects to retire and draw his pension when he reaches 62 years of age. Plaintiff was 58 years old and, although she had worked during much of the marriage, she has been unable to work since 1995 due to poor health. She also receives $450 per month from Social Security. Supreme Court considered these factors, as well as the legitimate living expenses of the parties and the evidence of their predivorce standard of living, and awarded plaintiff approximately 40% of defendant's available income, a percentage that will necessarily increase as his overtime pay continues to decline. Accordingly, we find no abuse of Supreme Court's discretion in determining the amount of the award (see Lincourt v Lincourt, 4 AD3d 666, 667 [2004]; Smith v Smith, 1 AD3d 870, 872 [2003]; Majekodunmi v Majekodunmi, 309 AD2d 1024, 1025 [2003]).

As to the duration of maintenance, Supreme Court appropriately accommodated the parties' particular circumstances, including defendant's decreasing earnings and planned retirement within three years, by providing for the termination of his

support obligation upon retirement since plaintiff will then begin to receive one half of his pension benefits and 401K plan (*see McAteer v McAteer*, 294 AD2d 783, 785 [2002]; *Messemer v Messemer*, 272 AD2d 672, 672 [2000]). As to the effective date of the maintenance award, we note that plaintiff had exclusive possession of the marital residence until it was sold during the pendency of the action, an event that increased her housing expenses and decreased those of defendant. Supreme Court appropriately took those expenses into account, along with the temporary award of maintenance paid during the action, and adjusted its retroactive award of maintenance accordingly (*see Spenello v Spenello,* 274 AD2d 822, 823-824 [2000]; *Markopoulos v Markopoulos*, 274 AD2d 457, 459 [2000]).

Turning to plaintiff's argument that Supreme Court erred in denying her counsel fees, we conclude that the court properly considered the financial circumstances of both parties as well as plaintiff's failure to establish the amount of a substantial inheritance that remained available to her at the time of trial (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Webbe v Webbe*, 267 AD2d 764, 765 [1999], *lv denied* 95 NY2d 753 [2000]).

We do, however, find merit in plaintiff's argument that Supreme Court did not address her request that defendant be directed to continue to provide her with health insurance coverage and continue her as a cobeneficiary on an existing policy of life insurance. While it may be true that, as defendant alleges, he has insufficient income to provide health insurance, the cost of providing such insurance is not in the record, and we must remit these issues to Supreme Court for determination (*see* Domestic Relations Law § 236 [B] [8] [a]; *Owens v Owens*, 288 AD2d 782, 783 [2001]; *Guneratne v Guneratne*, 214 AD2d 871, 873 [1995]).

Next, on his cross appeal, defendant argues that he was not properly credited with one half of the net available proceeds of the sale of the marital residence. We disagree. The August 9, 2001 letter from attorney Richard Friedman advised the attorneys for the parties that the net proceeds totaled $35,161.02 and that he was holding $3,150 of that amount in escrow. Supreme Court justifiably found that the parties' proof was inadequate to permit it to conclude that the escrowed amount was available for distribution. Accordingly, Supreme Court reduced the net proceeds by $3,150 to $32,011.02 before calculating each party's equal share of $16,005.51.

Defendant also argues that the amount of $7,580.51 held in escrow by his counsel should have been applied to his counsel

fees rather than to arrears in retroactive maintenance. We note, however, that defendant took no appeal from the order denying counsel fees and, thus, the issue is not properly before us now (*see e.g. Matter of Houck v Garraway*, 293 AD2d 782, 783 n 2 [2002]). Defendant's remaining arguments have been considered and found to be unpersuasive.

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by reversing so much thereof as failed to address plaintiff's request that defendant be directed to continue to provide health insurance and life insurance coverage with plaintiff as a beneficiary; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the order is affirmed, without costs.