■ JOHN J. BELLIZZI JR., Respondent, v PATRICIA BELLIZZI, Appellant. [968 NYS2d 235]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered October 15, 2012 in Albany County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

The parties were married in June 1969, and they have three children, all of whom are adults. Plaintiff (hereinafter the husband) commenced a divorce action in October 2008 that was dismissed following a trial (*Bellizzi v Bellizzi*, 82 AD3d 1541, 1542 [2011]) and this second divorce action was commenced in November 2011. Both parties are in their mid-60s, have had serious health issues, are retired and receive Social Security (the husband $1,648 per month and defendant [hereinafter the wife] $1,137 per month). In the second action, they stipulated that a divorce would be granted pursuant to recently enacted Domestic Relations Law § 170 (7). A trial ensued regarding, among other things, equitable distribution and maintenance. After making adjustments to correct mathematical errors, the primary marital assets were divided by Supreme Court as follows: the wife received the marital home ($270,000), a retirement account ($7,798.62) and part of the cash in bank accounts

($20,093.25), for a total value of $297,891.87;[1] and the husband received retirement accounts ($172,485.83) and part of the cash in bank accounts ($65,969.66), for a total value of $238,455.49. Significantly, the husband also has two pensions in pay status; one for service in the Air Force of $1,689 per month and a New York State pension of $6,818 per month. Supreme Court made no distribution of his two pensions, but treated them as income streams for purposes of maintenance, which was made nondurational and set at $2,800 per month. The court further determined in its February 2012 decision that, although the wife was entitled to retroactive maintenance from January 2009 for a total of $103,600 (37 months), the husband was entitled to credits for payments already made of $131,000 and, thus, he did not owe retroactive maintenance. The wife's application for counsel fees was denied and the husband's application for an order of protection was granted. The wife appeals.

There is no requirement that each item of marital property be distributed equally and the trial court has discretion in fashioning a division of property (*see Vertucci v Vertucci*, 103 AD3d 999, 1001 [2013]; *Quinn v Quinn*, 61 AD3d 1067, 1069 [2009]). However, relative parity is appropriate here in light of the 40-plus years of marriage and no factors justifying an unequal distributive award (*see Stahl v Stahl*, 80 AD3d 932, 933 [2011]; *Baudisch v Baudisch*, 233 AD2d 834, 834 [1996]).

We find persuasive the wife's argument that the husband's pay status government pensions should have been equitably distributed rather than simply treated as an income stream for purposes of maintenance. Care must be taken to avoid double counting of the interdependent issues of distribution of a pension and maintenance, and there may be situations where maintenance would be more appropriate (*cf. Grunfeld v Grunfeld*, 94 NY2d 696, 705 [2000]). Nonetheless, maintenance looks to factors and implicates discretion, which permitted Supreme Court in this case to arrive at a monthly amount less than the monthly value of the pensions (*see e.g. Lipovsky v Lipovsky*, 271 AD2d 658, 659 [2000], *lv dismissed* 95 NY2d 886 [2000], *lv denied* 96 NY2d 712 [2001]). Under the circumstances, awarding a percentage of the pay status pensions more accurately and equitably reflects the value to the wife of these assets earned during the long-term marriage (*cf. Tolosky v Tolosky*, 304 AD2d 876, 877 [2003]; *McAteer v McAteer*, 294 AD2d 783, 785 [2002]).

The husband's state pension was earned entirely during the marriage and, accordingly, the wife should receive 50% of the

---

1. The wife was also found to have separate property of about $74,000, reflecting the value of an inheritance from her family.

monthly payment. The fact that the husband elected an option at the time of his retirement that provides the wife with one-half his monthly amount if he predeceases her, which results in a current lower monthly payment, is not a sufficient reason to award the wife less than 50% of the current monthly payment.

The military pension was earned as a result of the husband's full-time active duty and also part-time service from 1966 to 1993. The husband testified that the pension is based on a point system with a larger number of points earned during an active duty year as opposed to a part-time duty year. The husband related that he was commissioned in July 1966, commenced active duty in February 1968, ended active duty and joined the reserves in September 1973, and separated from service in December 1993. Although approximately 75% of active duty and 90% of part-time service ostensibly occurred during the marriage and it appears that the wife should receive about 40% to 45% of that pension, the record is not sufficiently complete regarding when and how points were earned toward the husband's military pension. Accordingly, we remit to Supreme Court to determine the percentage after considering submission of relevant proof on that issue (*see Cowley v Cowley*, 15 AD3d 974, 976 [2005]).[2]

As conceded by the wife and necessary to avoid double-counting (*see Majauskas v Majauskas*, 61 NY2d 481, 492-493 [1984]), her maintenance shall cease upon the pension distribution taking effect since those pensions are the primary source of the husband's income upon which maintenance was calculated (*see Messemer v Messemer*, 272 AD2d 672, 673 [2000]). This renders academic the wife's contention that the maintenance award was inadequate, except to the extent that she seeks an increase for purposes of retroactive maintenance and also seeks retroactivity to a date earlier than set by Supreme Court. Initially, we note that Supreme Court discussed maintenance in detail, including all the statutory factors, and the amount of the award was within its discretion (*see O'Connor v O'Connor*, 91 AD3d 1107, 1108 [2012]; *Miller v Miller*, 4 AD3d 718, 720 [2004]; *Holterman v Holterman*, 307 AD2d 442, 442 [2003], *affd* 3 NY3d 1 [2004]). However, the record does reflect that the wife first requested maintenance two months earlier than found by Supreme Court and, accordingly, the proper amount of retroactive maintenance should have been $109,200.

---

2. Since the wife received almost $60,000 more than the husband in the distribution of the other primary marital assets and she has been receiving reasonable monthly maintenance, the pension distribution need not be retroactive under the circumstances and the amounts shall apply prospectively from the date of this decision.

Although Supreme Court credited the husband with payments of $131,000 against the retroactive maintenance, we find merit in the wife's assertion that this includes amounts that predated the first action. The record reveals that $78,500 of those payments were made for various matters between June 2007 and September 2008, before commencement of the first matrimonial action or any request for an order regarding temporary maintenance. Thus, the husband should have been permitted a credit of $52,500, resulting in retroactive maintenance owed of $56,700. We will remit for Supreme Court to fashion the manner in which this retroactive amount should be paid (i.e., length of time and amount of payments or lump sum) (*see Harrington v Harrington*, 300 AD2d 861, 864 [2002]; Alan D. Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:39).

The remaining issues do not require extended discussion. Directing a party to make a former spouse the beneficiary of a life insurance policy generally rests in the trial court's discretion (*see Murray v Murray*, 101 AD3d 1320, 1325 [2012], *lv dismissed* 20 NY3d 1085 [2013]; *Holterman v Holterman*, 307 AD2d at 443), and in light of, among other things, the fact that the wife will continue to receive one-half the husband's considerable state pension if he predeceases her, Supreme Court did not abuse its discretion in refusing to require the husband to make the wife the beneficiary of his life insurance policies. Supreme Court discussed in detail the wife's request for a further award of counsel fees, and its refusal to make an additional award was well within its discretion (*see Vertucci v Vertucci*, 103 AD3d at 1004-1005; *Soles v Soles*, 41 AD3d 904, 908 [2007]). With regard to the protective order, the record contains evidence, credited by Supreme Court, of egregious conduct by the wife that included threatening and repeatedly harassing the husband. Thus, we will not disturb the order of protection. The remaining issues are either academic or without merit.

Peters, P.J., Stein and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by (1) awarding defendant a 50% share of plaintiff's monthly state pension payment, (2) awarding defendant a share—to be determined by Supreme Court—of plaintiff's monthly military pension payment, (3) reducing future maintenance to zero, and (4) awarding retroactive maintenance to defendant of $56,700; matter remitted to the Supreme Court to determine the percentage of plaintiff's monthly military pension to be awarded to defendant, for submission of a qualified domestic relations order regarding the state and military pensions, and for a deter-

mination regarding the method of payment of retroactive maintenance; and, as so modified, affirmed.