Morrissey v Morrissey (2024 NY Slip Op 00471)

Morrissey v Morrissey

2024 NY Slip Op 00471

Decided on February 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 1, 2024

534880
[*1]Dean Morrissey, Respondent,
v
Tammy Morrissey, Appellant.

Calendar Date:December 14, 2023

Before:Egan Jr., J.P., Pritzker, Fisher and Powers, JJ.

Copps DiPaola Silverman, PLLC, Albany (Joseph R. Williams of counsel), for appellant.
Mack & Associates, PLLC, Albany (Barrett D. Mack of counsel), for respondent.

Pritzker, J.
Appeals (1) from an order of the Supreme Court (Richard J. McNally Jr., J.), entered December 21, 2021 in Rensselaer County, which partially denied defendant's motion for an award of counsel fees, and (2) from a judgment of said court, entered February 15, 2022 in Rensselaer County, granting, among other things, plaintiff a divorce.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in 2015, and the husband filed for divorce in 2020. The division of assets was generally resolved by two partial settlement agreements, leaving only counsel fees, expert fees and expenses to be determined. Eventually, counsel fees became the only remaining issue, with the wife arguing that she was entitled to counsel fees because she was clearly the less monied spouse. On June 16, 2021, the wife moved for an order of counsel fees in excess of $95,000. The husband opposed the motion. In a December 2021 order, Supreme Court partially denied the wife's request for counsel fees based on its finding that, although the husband was clearly the monied spouse, certain factors warranted awarding the wife $25,000 in counsel fees. A judgment of divorce was thereafter entered, which incorporated without merger, among other things, the December 2021 order partially denying counsel fees to the wife. The wife appeals from the order and the judgment of divorce.[FN1]
The wife contends that Supreme Court ignored the statutory intent of Domestic Relations Law § 237 (a) by failing to award her — the less monied spouse — adequate counsel fees. Domestic Relations Law § 237 (a) provides, in relevant part, that "the court may direct either spouse . . . to pay counsel fees and fees and expenses of experts directly to the attorney of the other spouse to enable the other party to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties. There shall be a rebuttable presumption that counsel fees shall be awarded to the less monied spouse." Further, a court "exercising its discretionary powers in this regard . . . should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions as well as the complexity of the case and the extent of legal services rendered" (Yezzi v Small, 206 AD3d 1472, 1477 [3d Dept 2022] [internal quotation marks and citations omitted]; see Button v Button, 165 AD3d 1528, 1534 [3d Dept 2018]). " '[A]bsent an abuse of discretion, [a court's] determination [directing a party to pay counsel fees] will not be disturbed' " (Hughes v Hughes, 200 AD3d 1404, 1411 [3d Dept 2021], quoting St. Denny v St. Denny, 185 AD3d 1246, 1248 [3d Dept 2020]).
At the outset, there is no dispute that the wife is the less monied spouse. Thus, the issue distills to whether the amount of fees awarded was reasonable. We find that it was. In support of her [*2]request for counsel fees, the wife submitted, among other things, an attorney affirmation articulating the basis of the legal expenses she incurred, a sworn affirmation of net worth and the husband's financial information. The husband, in opposing the request, proffered, among other things, various motions filed by the wife as well as emails between counsel intending to show the wife's insistence on hiring unnecessary experts. After reviewing the respective proffers, Supreme Court carefully considered the parties' respective financial situations, the complexity of the case, the nature of the legal services rendered and each parties' contention regarding alleged misconduct and bad faith by the other party. The court also considered a pendente lite award of interim counsel and expert fees awarded to the wife. After analyzing all of these circumstances, the court determined that an award of counsel fees to the wife in the amount of $25,000 was reasonable. Inasmuch as Supreme Court gave due consideration to the appropriate factors, we perceive no abuse of discretion in the amount of counsel fees awarded to the wife (see Johnston v Johnston, 156 AD3d 1181, 1186 [3d Dept 2017], appeal dismissed 31 NY3d 1126 [2018], lv denied 32 NY3d 1053 [2018]; Bellizzi v Bellizzi, 107 AD3d 1361, 1364 [3d Dept 2013]; see generally Noble v Noble, 78 AD3d 1386, 1390 [3d Dept 2010]).
Egan Jr., J.P., Fisher and Powers, JJ., concur.
ORDERED that the appeal from the order is dismissed, without costs.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Although entry of the judgment of divorce requires dismissal of the appeal from the intermediate order (see Spiegel v Spiegel, 206 AD3d 1178, 1179 n 1 [3d Dept 2022]), the terms of that order can be raised on the appeal from the judgment (see id.; CPLR 5501 [a] [1]).