■ Bonita P. Garvey, Appellant, v J. Peter Garvey, III, Respondent. [636 NYS2d 893] —Spain, J. Appeal from a judgment of the Supreme Court (Dier, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered July 15, 1994 in Warren County, upon a decision of the court.

The parties were married in 1964 and have three children, the youngest of which is 20 years old and attending college. Both parties are 50 years old and in excellent health; throughout the 27-year duration of the marriage, defendant has worked full time to support the family. Currently, defendant holds 72% of the shares in two businesses—Garvey Volkswagen, Inc. (hereinafter the dealership) and PSM Autolease and Sales, Inc. (hereinafter PSM Autolease). Defendant's two brothers hold the remaining 28% of the outstanding shares in each of these corporations. With respect to the dealership, defendant is the general manager, one brother is the general sales manager and the other brother is the director of parts and service. Defendant also holds a one-third interest in a third business which owns the real estate at which the dealership and PSM Autolease are located. The dealership and PSM Autolease each pay rent to the real estate business and this money is used to pay the mortgages on the dealership's and PSM Autolease's respective buildings.

Shortly after their marriage, plaintiff undertook the role of a full-time wife and mother, working outside the home only sporadically; she tended to all family and household needs, allowing defendant to further his career and to eventually estab-

lish and run the dealership. Plaintiff also contributed $7,200 toward the start-up costs of the dealership and assisted, from time to time, with bookkeeping services and in helping defendant to entertain business contacts. Plaintiff's other employment experience outside the home included work as a stenographer, a waitress and an aerobics instructor. Neither party participates in a pension plan.

In October 1991, plaintiff commenced the instant action against defendant seeking a divorce and equitable distribution of their marital property. Defendant answered and counterclaimed for a divorce. The parties eventually stipulated that plaintiff would proceed to obtain a divorce on the grounds set forth in her complaint and defendant would withdraw his answer and counterclaims. Following a nonjury trial, Supreme Court rendered a decision disposing of the remaining financial issues, as pertinent to this appeal, as follows: the value of defendant's business interests, including the real estate, was determined to be $475,410.51; defendant was ordered to pay plaintiff a distributive award in the sum of $225,000, plus interest at the rate of 9% per annum, to be paid in equal monthly installments over 10 years representing her equitable share of the business and real estate interests. Plaintiff was also awarded 47% of the net proceeds of the sale of the marital residence and spousal maintenance in the amount of $400 per week for five years. Defendant was held financially responsible for the mortgage payments and other carrying charges on the marital residence until it is sold and for the necessary college expenses and some child support for the parties' college-age daughter until she reaches the age of 21 years. A judgment was entered from which plaintiff now appeals.

Plaintiff's contention that Supreme Court erred in its award of spousal maintenance has merit. In its findings, the court determined that, at the time of the commencement of the action, defendant's income "is estimated at $110,000* per year and plaintiff's income is negligible"; that plaintiff "tended to all family, child, [and] household needs allowing defendant to devote his time and effort to the business" and that plaintiff provided "minimal direct service to the business through bookkeeping services, running errands and assisting defendant with entertaining business contacts and hosting business-related events". Supreme Court further found that defendant "most probably will be in a better financial position in the future than the plaintiff"; that the dealership "has shown substantial

---

* Defendant's 1992 tax return denotes a gross salary of $102,845 from the dealership and an adjusted gross income of $110,426.

growth during the last five years, although the prospects for the business in the future are uncertain"; and that plaintiff's "future ability to acquire additional assets beyond those distributed is uncertain". Our review of the record reveals that the parties were married a year after they graduated from high school and that defendant discouraged plaintiff from working outside the home; that plaintiff's only significant employment period was in the early 1970s when she worked full time for about four years as a civil service employee with the State after their two oldest children started school; and that plaintiff's other employment situations were short term, sporadic and non-career oriented.

While maintenance should be set to provide temporary support while the recipient develops the skills and experience necessary to become self-sufficient, such is not always possible, especially when an older person has no specialized career background or training and when he or she has been out of the workforce for many years (*see*, Domestic Relations Law § 236 [B] [6] [a] [4], [5], [8]; *Semans v Semans*, 199 AD2d 790, 791, *lv denied* 83 NY2d 758). Additionally, the amount of earnings necessary to enable the recipient to become self-supporting must be determined with some reference to the standard of living of the parties, as well as the earning capacity of each party; and these factors carry more weight in a marriage of long duration (*see*, Domestic Relations Law § 236 [B] [6] [a] [2], [5], [8]; *Verrilli v Verrilli*, 172 AD2d 990, 993, *lv denied* 78 NY2d 863; *Sperling v Sperling*, 165 AD2d 338, 341-344).

Although Supreme Court gave consideration to each of the statutory factors (*see*, Domestic Relations Law § 236 [B] [6] [a]) and exercised its discretion in making its determination (*see, Petrie v Petrie*, 124 AD2d 449, 451, *lv dismissed* 69 NY2d 1038), we find, in our review of the record, that the maintenance award is inadequate. In light of plaintiff's age, her nonmonetary contributions to the marriage, her severely limited earning capacity as compared to defendant's six-figure income from his successful business, the duration of the marriage and the pre-divorce moderately high standard of living of the parties, we conclude that the maintenance award should be longer in duration and that remittal of this matter is not necessary (*see, Weaver v Weaver*, 192 AD2d 777, 778). If maintenance continues throughout the entire 10-year period during which the distributive award installments will be paid, there should be ample opportunity for plaintiff to save a substantial portion of the

distributive award payments. In our view, an award of $400 per week for 10 years is appropriate.

We reject plaintiff's contention that she is entitled to a $7,200 credit. It is uncontroverted that the $7,200 she gave defendant to help start the dealership was a gift to her from her father six months before he died. Property acquired by gift during the marriage from a party other than a spouse is separate property (see, Domestic Relations Law § 236 [B] [1] [d] [1]). However, plaintiff's separate property was not used to acquire identifiable property, to improve existing property or to acquire an existing business. Rather, it was used as "seed money" to help create a new business where none existed, a business which grew over the years into a successful enterprise. Defendant's interest in the enterprise was determined to be marital property and plaintiff's share of that marital property was determined to be 50%. Supreme Court's distributive award to plaintiff of 50% of the marital asset correctly viewed the matter not as an exchange of plaintiff's separate property for other identifiable real or personal property, but as plaintiff's voluntary contribution of her separate property to the marital economic partnership which resulted in the creation of a marital asset (cf., Price v Price, 69 NY2d 8). If she is given both a credit for the $7,200 contributed by her and a distributive award of 50% of the marital asset created in part due to her contribution, she will receive a double recovery. Supreme Court's determination is a reasonable exercise of its discretion after properly weighing the circumstances (see, Butler v Butler, 171 AD2d 89, 93; see also, Domestic Relations Law § 236 [B] [5] [d] [13]; [e]).

Plaintiff's assertions that the testimony of defendant's expert witness, David Evans, is incredible and that his report concerning the value of the dealership should only have been partially adopted by Supreme Court are without merit. According to Evans, who employed capitalization of earnings and net asset methods of valuation, the dealership was worth $293,093. Plaintiff's expert, Paul Curtis, determined the value of the dealership to be $690,748. Supreme Court relied upon the testimony and report of Evans in arriving at its determination.

We reject plaintiff's assertion that, as a partner in the accounting firm which has acted as defendant's personal accountant as well as the accountant for the dealership, Evans' testimony as to value on behalf of the defendant presents a conflict of interest. Since plaintiff has not offered any evidence to remotely demonstrate that the accounting firm, for example, possessed confidential information about her personal finances,

defendant's retainment of Evans cannot be deemed improper. Furthermore, the case law cited by plaintiff in support of this argument is totally unpersuasive in the context of this matrimonial action. Notably, the accounting firm's familiarity with the business since 1978 makes it an obvious and appropriate source from which to seek a valuation.

To the extent that plaintiff takes issue with Evans' use of an improper valuation date, plaintiff's argument has some merit given the stipulation between the parties. However, it should be noted that Supreme Court valued the dealership as of the stipulated date of October 1991. In relying on Evans' testimony and report, it is clear that Supreme Court viewed the two-month differential as insignificant. Further, contrary to plaintiff's strained attempts to show otherwise, there is no evidence that the value of the dealership significantly increased or decreased in the two-month period (*cf.*, *Kalisch v Kalisch*, 184 AD2d 751, 752-753). Under these circumstances, plaintiff has failed to establish that Supreme Court's determination resulted in an error that must be corrected by this Court (*cf.*, *Drohan v Drohan*, 193 AD2d 1070).

Finally, to the extent that plaintiff assigns error to other aspects of Evans' report, upon a careful review of the record we conclude that these remaining arguments also lack merit. Supreme Court, as the trier of fact, chose to accept Evans' valuation of defendant's businesses; both methods of valuation employed by Evans were acceptable (*see*, *Wilbur v Wilbur*, 116 AD2d 953). Inasmuch as the weight to be attributed to conflicting expert testimony is left to the trier of fact, this Court will not interfere with Supreme Court's exercise of discretion (*see*, *e.g.*, *Garges v Garges*, 175 AD2d 511, 512).

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by extending Supreme Court's maintenance award of $400 per week to 10 years, and, as so modified, affirmed.