■ JAMIE L. WOJEWODZIC, Respondent, v STANLEY S. WOJEWODZIC, Appellant. [753 NYS2d 160] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Dawson, J.) ordering, inter alia, equitable distribution of the parties' marital property and maintenance, entered October 11, 2001 in Essex County, upon a decision of the court.

---

After approximately 20 years of marriage, plaintiff commenced this action for divorce in February 1999. At the time of trial, plaintiff was 53 years old and defendant was 41 years old. Defendant, on this appeal, contends that Supreme Court abused its discretion when it directed payment of spousal maintenance in the amount of $150 per week until plaintiff begins to draw Social Security. He argues that Supreme Court failed to consider the 10 factors set forth in Domestic Relations Law § 236 (B) (6) and provide a reasoned analysis for its decision to award maintenance. Defendant also asserts that Supreme Court failed to consider the parties' predivorce standard of living, a mandatory component in determining an award of maintenance (*see* Domestic Relations Law § 236 [B] [6] [a]; *Hartog v Hartog*, 85 NY2d 36, 50-51), and improperly fixed maintenance solely upon the parties' disparity in incomes.

Although Supreme Court was not required to discuss each and every factor, it was required to discuss those factors relied upon in determining the maintenance award (*see Nielson v Nielson*, 259 AD2d 916, 917). Supreme Court's findings did not explicitly identify the factors it considered, other than disparity of income, in fixing maintenance. We may, however, overlook this shortcoming because the findings and record are sufficient to "permit this Court to make an informed review and confirm that appropriate factors were considered" (*Moschetti v Moschetti*, 277 AD2d 838, 838-839).

Supreme Court's findings of fact and conclusions of law indicate an income disparity between the parties with plaintiff earning $18,731.00 and defendant earning $67,416.00 in 1999 (*see* Domestic Relations Law § 236 [B] [6] [a] [1]). The proof indicates that plaintiff has a limited earning capacity and an inability to improve her financial status due to her age, lack of a higher education and work experience (*see* Domestic Relations Law § 236 [B] [6] [a] [5]). The record further reveals that this marriage was of long duration and both parties were in good health (*see* Domestic Relations Law § 236 [B] [6] [a] [2]). We can also determine from this record that the parties lived a modest predivorce life-style (Domestic Relations Law § 236 [B] [6] [a]). Based upon these factors and plaintiff's reasonable needs which she cannot meet on her own income, we find that Supreme Court appropriately fixed maintenance in the amount of $150 per week.

Turning to defendant's challenge to the duration of maintenance, we agree with Supreme Court that it should continue until plaintiff begins to draw Social Security benefits. However, that event should not be left entirely within plaintiff's control

as it may result in a delayed application for benefits to defendant's detriment. Accordingly, we modify defendant's maintenance obligation to provide for its termination when plaintiff begins to draw Social Security benefits or reaches the age of 66, whichever first occurs.

Mercure, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by deleting from the sixth decretal paragraph the phrase "until such time as the [p]laintiff begins to draw [S]ocial [S]ecurity" and substituting therefor the phrase, "until such time as plaintiff begins to draw Social Security or reaches the age of 66, whichever first occurs," and, as so modified, affirmed.