■ Genevieve L. Wheeler, Appellant, v Howard R. Wheeler, Respondent. [785 NYS2d 170]—

Peters, J. Appeal from a judgment of the Supreme Court (Austin, J.), entered August 6, 2003 in Warren County, ordering, inter alia, maintenance to plaintiff, upon a decision of the court.

Plaintiff and defendant, married in 1978, have one child. At the time of the marriage, plaintiff had a high school education while defendant held a Bachelor of Science degree in biology and chemistry and a Master's of Science degree in industrial hygiene. Throughout the marriage, defendant was employed by Ciba Specialty Chemicals while plaintiff secured either part-time or full-time employment, except for a period of time between the birth of their son in 1979 and the child's commencement of school. On two occasions, plaintiff was required to relinquish her employment due to defendant's relocation with Ciba.

The parties separated in 1994 while they were residing in Connecticut; at that time plaintiff was 50 years old and defendant was 41 years old. Plaintiff and the child moved to New York and a divorce action was commenced in Connecticut. That action was discontinued by agreement. During their eight-year separation, plaintiff received $1,320 a month, representing support for herself and their child for whom defendant assumed educational costs. Defendant also assumed the marital debt, including the mortgage and maintenance on the marital residence.

This action was commenced in April 2002. In December 2002, the parties orally agreed to settle all issues other than maintenance. By amended order dated April 4, 2003, plaintiff was awarded maintenance in the amount of $450 per week until her remarriage, death or until she reached the age of 65, whichever occurs sooner. After the denial of plaintiff's motion for reconsid-

eration, Supreme Court entered a judgment of divorce upon its amended order. Plaintiff appeals.

Plaintiff, 58 years old at the time of trial, challenges the amount and duration of the maintenance award which we recognize as a determination typically left to the discretion of the trial court. While plaintiff correctly contends that Supreme Court must detail the factors it considered from Domestic Relations Law § 236 (B) (6) (a) and demonstrate a reasoned analysis for its decision (*see Holterman v Holterman,* 307 AD2d 442, 442 [2003], *affd* 3 NY3d 1 [2004]; *Wojewodzic v Wojewodzic,* 300 AD2d 985, 986 [2002]; *McAteer v McAteer,* 294 AD2d 783, 784 [2002]; *Spenello v Spenello,* 274 AD2d 822, 823 [2000]), it is not required to consider each statutory factor (*see McAteer v McAteer, supra* at 784; *Wojewodzic v Wojewodzic, supra* at 986).

It is settled that the purpose of maintenance is "to provide temporary support while the recipient develops the skills and experience necessary to become self-sufficient" (*Garvey v Garvey,* 223 AD2d 968, 970 [1996]; *see Holterman v Holterman, supra* at 442). However, that is not always possible (*see Garvey v Garvey, supra* at 970) when a spouse has subjugated his or her own career in a long-term marriage to benefit the other (*see Holterman v Holterman, supra* at 442). Here, defendant's annual income during the past six years averaged $138,000, whereas plaintiff's annual income averaged $12,000. While Supreme Court properly took into consideration plaintiff's age, educational level, disabilities and the 24-year marriage from which she receives over $308,000 in marital assets[1] (*see Wilbur v Wilbur,* 130 AD2d 853, 854 [1987]), we nonetheless find the award to prematurely terminate. Recognizing that the receipt of Social Security benefits is a factor to be considered (*see Wojewodzic v Wojewodzic, supra* at 986-987; *Stricos v Stricos,* 263 AD2d 659, 660 [1999]; *Lombardo v Lombardo,* 255 AD2d 653, 655 [1998]), we cannot agree that plaintiff's maintenance award should necessarily terminate when she reaches the age of 65. Plaintiff's contribution to the marriage and family, her significant medical costs, the likelihood that she will not become self-supporting, and the great disparity in the parties' incomes and ages warrants our modification of the award to provide for termination of maintenance when defendant retires or plaintiff

---

1. These assets consisted of proceeds from the sale of the marital residence, one half of defendant's pension, one half of their respective 401K accounts and one half of defendant's Solomon Smith Barney account.

reaches the age of 66,[2] whichever occurs later (*see Holterman v Holterman, supra* at 442; *McAteer v McAteer, supra* at 785); this modification does not affect the other contingencies that maintenance terminate upon plaintiff's death or remarriage, whichever occurs sooner. With this modification, we find the award proper.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by reversing so much thereof as terminated maintenance to plaintiff when she reaches the age of 65 or upon her death or remarriage, whichever is sooner; maintenance to terminate when defendant retires or plaintiff reaches the age of 66, whichever is later, or upon plaintiff's death or remarriage, whichever is sooner; and, as so modified, affirmed.

---

2. Plaintiff, born in 1944, cannot reach full benefits from Social Security until the age of 66.