■ SUSAN O. BOZMAN, Respondent-Appellant, v BRUCE G. BOZMAN, Appellant-Respondent. [843 NYS2d 481]—

Appeal and cross appeal from a judgment of the Supreme Court, Steuben County (Alex R. Renzi, A.J.), entered December 27, 2005 in a divorce action. The judgment, inter alia, equitably distributed the marital property.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting those parts of the cross motion seeking vacatur of paragraphs 95.2 and 95.3 of the order entered June 20, 2005, vacating those paragraphs, providing that the $5,000 gift to defendant is marital property, and by providing in the seventh ordering paragraph of the amended order entered December 27, 2005 that defendant's obligation to reimburse plaintiff for certain family health insurance premiums is $5,380.79 and as modified the judgment is affirmed without costs.

Memorandum: We affirm the judgment in this divorce action in all but two respects. Addressing first plaintiff's cross appeal, we agree with plaintiff that Supreme Court erred in awarding a credit of $5,000 to defendant from the proceeds from the sale of a business started up during the marriage in addition to awarding him 50% of the value of that marital property, and we therefore modify the judgment accordingly. Defendant testified at the hearing that he received a $5,000 gift from his mother to start up the business, and we conclude that the $5,000 was a "voluntary contribution of [defendant's] separate property to the marital economic partnership which resulted in the creation of a marital asset" (*Garvey v Garvey*, 223 AD2d 968, 971 [1996]). The court therefore erred in awarding a $5,000 credit to defendant in addition to an equal division of the proceeds derived from the sale of the business inasmuch as defendant thereby received an impermissible double recovery (*see id.*). Although we reject the contention of defendant on his appeal that the

court erred in determining that he is obligated to reimburse plaintiff for certain family health insurance premiums paid by her between the years 2000 and 2004, we nevertheless conclude that the court erred in calculating the amount of those health insurance premiums. We conclude that the correct amount is $5,380.79, and we therefore further modify the judgment accordingly. Present—Gorski, J.P., Smith, Centra, Fahey and Pine, JJ.