■ PAMELA LORENZ, Respondent, v WILLIAM LORENZ, Appellant. [881 NYS2d 208]—

Spain, J. Appeal from a judgment of the Supreme Court (Work, J.), entered June 19, 2008 in Ulster County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

In October 2006, after more than 33 years of marriage, plaintiff commenced this divorce action. There are two emancipated children of the marriage. After a bench trial, at which time both parties were 54 years of age, Supreme Court, among other things, equally distributed the marital property and awarded maintenance to plaintiff in the amount of $500 per week, retroactive to September 4, 2007 and until such time as plaintiff can draw full Social Security benefits, apparently when she becomes 66. Defendant appeals.

The principal issues raised by defendant on appeal focus on Supreme Court's award of maintenance. Initially, defendant asserts that the court abused its discretion in awarding maintenance because plaintiff is capable of being self-supporting and, in the alternative, that the amount and duration were excessive. In maintenance determinations "the amount of earnings necessary to enable the recipient to become self-supporting must be determined with some reference to the standard of living of the parties, as well as the earning capacity of each party; and these factors carry more weight in a marriage of long duration" (*Garvey v Garvey*, 223 AD2d 968, 970 [1996]). Here, in fashioning its award, the court considered each of the relevant statutory factors (*see* Domestic Relations Law § 236 [B] [6]), including the parties' incomes, their future earning capacity, and the long duration of the marriage.

The testimony of the parties and their 2006 joint income tax returns provide ample record proof to support Supreme Court's conclusion that defendant's annual income was in excess of $100,000 and plaintiff's income was upwards of $20,000. Whereas defendant is in good health, plaintiff has a back problem—which recently required surgery—and a heart arrhythmia ailment, each of which impacts negatively on her future earning capacity as a self-employed hairdresser. While defendant was building his skills and a lucrative career, plaintiff was devoting a good portion of her time and talent tending to the needs of their children and attending to the family's domes-

tic needs. Indeed, although the purpose of maintenance is to provide temporary support while the recipient develops the skills and experience necessary to become self-sufficient (*see Garvey v Garvey*, 223 AD2d at 970), self-sufficiency "is not always possible" (*Wheeler v Wheeler*, 12 AD3d 982, 983 [2004]), and we find ample record evidence to support the court's conclusion that plaintiff's potential to become self-sufficient was very low. Moreover, the fact that plaintiff will eventually obtain her share of the marital assets is not a bar to an appropriate period of maintenance (*see Kay v Kay*, 302 AD2d 711, 712 [2003]), especially where, as here, Supreme Court did not favor plaintiff in its 50-50 distribution of the marital property.

Further, we find that the amount of the maintenance award is within defendant's means and appropriately crafted to meet plaintiff's needs, providing some assurance that she will be able to maintain their predivorce standard of living. Supreme Court found that plaintiff will now be required to pay for her own health insurance, estimated to cost between $350 and $500 per month, and, in the likely event she will not be able to purchase defendant's half of the marital residence, she will have to find a new place to live. The court also considered defendant's ability to deduct his maintenance payments from his income taxes. On this record, we cannot say that the amount set by the court of $500 per week was an abuse of discretion.

As for the duration of the award, we reject defendant's contention that Supreme Court erred in failing to address the issue of when defendant intends to retire, as he neither raised this issue before the court nor did he assert that he has such plans in the near future. We also reject defendant's assertion that he is entitled to 10 months of credit against his maintenance obligation for amounts he paid for defendant's health insurance during the period leading up to the judgment of divorce. Again, this was not raised during defendant's presentation of proof and there is no evidence in the record as to what part of defendant's monthly payments for health insurance, as reported in his financial disclosure affidavit, was attributable to plaintiff's medical coverage. Moreover, defendant was credited with the $200 per week in temporary maintenance he had paid back to September 4, 2007.

However, while we agree with Supreme Court that, based upon her genuine need, maintenance should continue until plaintiff can draw Social Security benefits, we conclude that the court's decision to continue maintenance until plaintiff is entitled to *full* Social Security benefits requires modification. Under this provision, plaintiff could elect to draw a reduced

amount of Social Security at age 62 and still receive full maintenance. Accordingly, the duration should be modified to reflect that maintenance shall terminate when plaintiff begins to draw Social Security benefits, or when she reaches full Social Security age, whichever occurs first (*see e.g. Wojewodzic v Wojewodzic* 300 AD2d 985, 986-987 [2002]).

We next reject defendant's assertion that Supreme Court erred in failing to order that maintenance shall terminate upon the death of either party or plaintiff's valid or invalid marriage. Such language is unnecessary because the Domestic Relations Law, in more than one place, provides for the termination of any order of maintenance "upon the death of either party or upon the recipient's valid or invalid marriage" (Domestic Relations Law § 236 [B] [1] [a]; [6] [c]). Likewise, we find no merit in defendant's assertion that all marital investment accounts should have been divided not by their value at the time of trial but by the number of shares owned at that time.

Mercure, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by ordering that defendant shall pay maintenance in the amount of $500 per week retroactive to September 4, 2007 until plaintiff shall begin to draw Social Security benefits or when plaintiff reaches the age when she can draw full Social Security benefits on February 23, 2019, whichever occurs first, and, as so modified, affirmed.