■ MARIO SCARPACE, Respondent, v DIANE SCARPACE, Appellant. [923 NYS2d 748]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (Hall, J.), entered September 17, 2009 in Saratoga County, ordering, among other things, maintenance to defendant, upon a decision of the court.

In August 2007, after 31 years of marriage, plaintiff (hereinafter the husband) commenced this action for divorce. Defendant (hereinafter the wife) thereafter counterclaimed for divorce and sought, among other things, an award of maintenance. During the pendency of this action, the parties were able to enter into a stipulation with respect to all issues with the exception of spousal maintenance.* According to their stipulation, the marital property was divided such that each party would retain various liquid assets valued at approximately $580,000. The wife's share included the unencumbered former marital residence, appraised at $250,000, and a payment received from the husband in the amount of $110,000. The parties also stipulated, among other things, that they each retain their own pension rights as separate property. After a trial, Supreme Court awarded the wife maintenance in the amount of $200 per week for six years, effective May 22, 2009. A judgment of divorce was entered in September 2009, and the wife now appeals.

The wife contends that Supreme Court erred in setting the amount of maintenance at $200 per week and in limiting its duration to six years. In particular, the wife argues that the maintenance award will impair her ability to save money and, because she will reach her intended retirement age when the maintenance award terminates, she will be forced to rely on her savings to maintain her standard of living. "The amount and duration of maintenance is an issue generally left to the sound discretion of the trial court based upon the enumerated factors set forth in Domestic Relations Law § 236 (B) (6) (a), as well as the predivorce standard of living of the recipient spouse" (*Ndulo*

---

* Also, while the action was pending, Supreme Court granted temporary relief to the wife and ordered that the husband pay the 2008 property taxes, homeowner's insurance, the wife's automobile insurance and interim counsel fees.

v *Ndulo*, 66 AD3d 1263, 1264 [2009] [citations omitted]; *see Hartog v Hartog*, 85 NY2d 36, 50-51 [1995]; *Lorenz v Lorenz*, 63 AD3d 1361, 1362 [2009]; *Quinn v Quinn*, 61 AD3d 1067, 1071 [2009]; *Dowd v Dowd*, 58 AD3d 1057, 1058 [2009]). "Maintenance is appropriate where, among other things, the marriage is of long duration, the recipient spouse has been out of the work force for a number of years, has sacrificed her or his own career development or has made substantial noneconomic contributions to the household or to the career of the payor" (*Ndulo v Ndulo*, 66 AD3d at 1265 [citations omitted]).

At the time of trial, both parties were in their mid-fifties and in generally good health. Throughout their marriage, they lived a financially conservative lifestyle, resulting in no college loans for their four emancipated children and no mortgage on the marital home. While the husband attended college and built his career, the wife worked various part-time and seasonal jobs and devoted her time to tending to the needs of their children. As a result, the wife did not commence her current full-time occupation with State Farm Insurance until approximately 1996, such that at the time of trial, her annual income was roughly $32,000. The husband, on the other hand, was earning $104,000 per year as a 32-year employee of the Department of Taxation and Finance. While the husband estimated that he would receive over $5,000 per month from his pension alone upon retirement, the wife estimated that between Social Security retirement and her own pension, she would receive approximately $1,200 per month upon her retirement. The wife also testified that she is now required to pay for health and homeowner's insurance, school and property taxes and various utilities and household expenses, all of which previously had been paid for by the husband. Finally, the wife testified that, while she used to save $600 per month, since the divorce she can only afford to save $275 per month, and that she has accumulated $8,600 in credit card debt due to their son's college expenses.

In fashioning its award, Supreme Court considered all of these facts and the relevant statutory factors (*see* Domestic Relations Law § 236 [B] [6] [a]; *Ndulo v Ndulo*, 66 AD3d at 1265; *Lorenz v Lorenz*, 63 AD3d at 1362) and, given the length of the parties' marriage, the discrepancy in their incomes, the wife's reduced earning potential because of her absence from the workforce and the parties' predivorce standard of living, together with the marital property distributed, we cannot conclude that Supreme Court abused its discretion in awarding the wife maintenance in the amount of $200 per week (*see Quinn v Quinn*, 61 AD3d at 1071). Upon due consideration of those very same factors,

however, we are persuaded that an award of lifetime maintenance is appropriate here. While it is true that the parties enjoyed a modest standard of living during their marriage and that the wife not only can contribute toward her own support but also has received assets through equitable distribution, one of "the many specific considerations underlying an award of nondurational maintenance . . . is the present and potential future income of the parties" (*Gubiotti v Gubiotti*, 19 AD3d 893, 894 [2005]). Given the identified disparity in the parties' respective incomes and the wife's reduced earning potential, we find a nondurational maintenance award of $200 per week to be warranted (*see Kay v Kay*, 302 AD2d 711, 712 [2003]; *see also Holterman v Holterman*, 307 AD2d 442, 442 [2003], *affd* 3 NY3d 1 [2004]).

Accordingly, the underlying judgment is modified to the extent that the wife is to receive lifetime maintenance in the amount of $200 per week, retroactive to October 16, 2007, the date of her answer, that being the earliest date upon which she requested an award (*see* Domestic Relations Law § 236 [B] [6] [a]; *Spenello v Spenello*, 274 AD2d 822, 823-824 [2000]). To the extent that the husband seeks a credit for "temporary maintenance" paid during the pendency of this action (*see generally Hendricks v Hendricks*, 13 AD3d 928, 930 [2004]), while the record reflects that he indeed was ordered to pay certain expenses on the wife's behalf (*see* note 1, *supra*), the record does not indicate that the wife actually received an award of temporary maintenance. Hence, no credit to the husband is due.

Mercure, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as awarded defendant maintenance is the amount of $200 per week for six years effective May 22, 2009; defendant is awarded lifetime maintenance in the amount of $200 per week effective October 16, 2007; and, as so modified, affirmed.