Stein, J.
Appeal from a judgment of the Supreme Court (Drago, J.), entered November 15, 2011 in Schenectady County, ordering, among other things, equitable distribution of the parties’ marital property, upon a decision of the court.
The parties were married in 1982 and have two children, a daughter (born in 1988) and a son (born in 1992). Plaintiff (hereinafter the husband) commenced the instant divorce action in November 2003 and defendant (hereinafter the wife) counterclaimed for a divorce and related relief. The parties agreed to a bifurcated trial, after which a lengthy custody trial ensued and the husband was ultimately granted sole custody of the children pursuant to an August 2006 order. In lieu of a trial on the remaining issues, the parties then agreed that they would submit exhibits, affidavits and memoranda of law. Supreme Court thereafter issued an August 2007 order (later supplemented by a July 2011 order) which, among other things, resolved the issues of equitable distribution, maintenance and child support. Upon cross appeals from that order, this Court held that, inasmuch as Supreme Court had yet to issue a judgment of divorce, the purported division of marital property was ineffective (63 AD3d 1215 [2009]). Accordingly, the order was reversed and the matter was remitted to Supreme Court. Supreme Court thereafter granted a judgment of divorce in favor of the wife that incorporated, as relevant here, its August 2007 and July 2011 orders addressing the financial issues. The wife now appeals.
The wife contends that Supreme Court’s award of maintenance — in the amount of $1,600 per month until she reaches the age of 62 or begins to collect her portion of the husband’s pension — is inadequate in both amount and duration and requests an award of $3,900 per month retroactive to November 1, 2005 and continuing until she begins to collect her share of the husband’s pension. While the amount and duration of maintenance are generally left to the sound discretion of the trial court in accordance with its consideration of the statutory factors, as well as the parties’ predivorce standard of living (see Domestic Relations Law § 236 [B] [6] [a]; Biagiotti v Biagiotti, 97 AD3d 941, 942 [2012]; Scarpace v Scarpace, 84 AD3d 1537, 1537 [2011]), this Court’s authority is equally broad in resolving questions of maintenance (see McCaffrey v McCaffrey, 107 AD3d 1106, 1108 [2013]).
Here, Supreme Court properly took into account the wife’s absence from the workforce for an extended period of time to *812 care for the parties’ children — both of whom have special needs — which resulted in a significant reduction in her lifetime earning capacity. However, the court also recognized her present and future income potential, that the husband had been awarded sole custody of the parties’ children and that the wife received approximately $800,000 in marital assets, including the marital home, which was unencumbered. Inasmuch as Supreme Court considered the appropriate statutory factors and its decision is supported by the record, we cannot conclude that the court abused its discretion in refusing to award defendant a greater amount of maintenance (see Murray v Murray, 101 AD3d 1320, 1322 [2012], lv dismissed 20 NY3d 1085 [2013]; Williams v Williams, 99 AD3d 1094, 1096 [2012]).[1]
However, we do find merit to the wife’s claim that Supreme Court should not have directed that maintenance terminate upon the earlier of when she reaches 62 years of age or when she begins to collect her portion of the husband’s pension, as this would potentially leave a gap in her receipt of financial support in the event that the husband elects to defer his retirement beyond the age of 65.[2] Even assuming that Supreme Court anticipated that the wife would become self-supporting to some extent by the time she reached the age of 62, in light of the significant disparity in the parties’ incomes and the court’s express finding that it was doubtful that she would ever command a salary that would afford her the standard of living she had enjoyed during the marriage, we find it appropriate to modify the court’s order to extend the award of maintenance until the wife begins to collect Social Security retirement benefits or her portion of the husband’s pension, whichever occurs first (see Ndulo v Ndulo, 66 AD3d 1263, 1265-1266 [2009]).
Furthermore, the award of maintenance should have been made retroactive to November 2005, “taking into account any amount of temporary maintenance which has been paid” during the relevant time period since that date (Domestic Relations Law § 236 [B] [6] [a]).[3] We therefore remit to Supreme Court to *813 determine the retroactive amount owed and whether such amount “shall be paid in one sum or periodic sums” (Domestic Relations Law § 236 [B] [6] [a]). In addition, while Supreme Court did not address the wife’s request that she be named the beneficiary of the husband’s life insurance policy, we find it appropriate to direct him to maintain a policy of life insurance, with the wife as beneficiary thereof, in an amount necessary to satisfy his maintenance obligation until such obligation terminates (see Domestic Relations Law § 236 [B] [8] [a]; Mairs v Mairs, 61 AD3d 1204, 1211 [2009]).[4]
We turn next to Supreme Court’s child support award. We reject the wife’s contention that Supreme Court’s calculation of her child support obligation of $51 per week was excessive. The court was permitted, in its discretion, to impute income to the wife (see Domestic Relations Law § 240 [1-b] [b] [5] [v]; Sadaghiani v Ghayoori, 83 AD3d 1309, 1312 [2011]; Matter of Kasabian v Chichester, 72 AD3d 1141, 1141 [2010], lv denied 15 NY3d 703 [2010]), and the record supports the court’s determination that she was capable of earning $12,090 per year at her current employment.[5] Moreover, in view of the maintenance award, the wife’s contentions that the child support order would reduce her income below the poverty income guidelines and, therefore, that she should not be required to pay her pro rata share of the children’s health care costs, are unpersuasive.
We are likewise unpersuaded by the assertion that Supreme Court erred in failing to direct the husband to pay what the wife characterizes as child support arrears. Pursuant to a voluntary arrangement between the parties in December 2005, the husband agreed to pay the wife $1,860 per month — which the parties “agreed not to characterize ... as being spousal support or child support” — “without prejudice to either party seeking credits for payments made during the pendency of [the] action.” While the record demonstrates that the husband did not make such payments to the wife from March 2006 to August 2006, we cannot say that Supreme Court abused its discretion in relieving him from that obligation in light of its finding that *814 he was “primarily responsible for all of the children’s extensive needs during the pendency of [the] protracted litigation.” However, we agree with the wife that, absent an agreement, Supreme Court erred in directing her to pay a portion of the daughter’s college expenses incurred after the age of 21 (see Domestic Relations Law § 240 [1-b] [b] [2]; compare Shapiro v Shapiro, 91 AD3d 1094, 1095-1096 [2012]).
Finally, because Supreme Court carefully considered the circumstances of the case and of the respective parties — including the generous equitable distribution award to the wife — we cannot say that it abused its discretion in denying her request for counsel fees, despite the disparity between the parties’ incomes (see Keil v Keil, 85 AD3d 1233, 1238 [2011]; Matter of Yarinsky v Yarinsky, 59 AD3d 828, 831 [2009], lv denied 12 NY3d 712 [2009]; Soles v Soles, 41 AD3d 904, 908 [2007]). We have considered the parties’ remaining contentions and, to the extent they are properly before us, find them to be without merit.[6]
Peters, EJ., Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as (1) directed plaintiff to pay maintenance to defendant until she reaches 62 years of age or begins to collect a portion of plaintiff’s pension, whichever comes first, (2) denied defendant’s request for retroactive maintenance and (3) directed defendant to pay a pro rata share of the daughter’s college expenses incurred past the age of 21; plaintiff is directed to (1) pay maintenance to defendant retroactive to November 2005 and until defendant begins to collect Social Security retirement benefits or her portion of plaintiffs pension, whichever occurs first, and (2) maintain a policy of life insurance, with defendant as beneficiary, in an amount necessary to satisfy his maintenance obligation until such obligation terminates, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

. Although the parties agree that Supreme Court made two minor factual errors with regard to classifying certain property as marital and failing to credit the wife for certain marital assets transferred to the husband during the proceedings, these errors do not significantly alter the relative pro rata shares of marital assets so as to affect the propriety of the maintenance award or other financial terms of the judgment.

. There is an age difference between the parties of approximately three years.

. While an award of maintenance must be made effective as of the date of the application therefor (see Domestic Relations Law § 236 [B] [6] [a]; Scarpace *813 v Scarpace, 84 AD3d at 1539; McAuliffe v McAuliffe, 70 AD3d 1129, 1135 [2010]) and the application for maintenance was first included in the wife’s answer and counterclaim in May 2005, she acknowledges that the husband provided adequate financial support through October 2005.

. The record reflects that the husband maintained a policy of life insurance, although the amount of such insurance was not established.

. Although Supreme Court did not make an express finding that the wife had intentionally reduced her income to avoid her obligation to pay child support, the court found it “questionable that she could not have re-entered the workforce years ago” despite her parenting responsibilities.

. We note that, inasmuch as the husband did not cross-appeal from Supreme Court’s judgment, we do not reach his challenges to certain provisions of that judgment.